[Civ. No. 18582. Second Dist., Div. Three. Dec. 28, 1951.]

GERALDINE D. McKEE, Appellant, v. RAYMOND W. McKEE, Respondent.

Hill, Farrer & Burrill, William S. Scully and John E. Anderson for Appellant.

Edwin C. Boehler and Francis R. Dwyer for Respondent.

SHINN, P. J.—This is an appeal by plaintiff wife from an order reducing her allowance for support from $165 per month to $90 per month. The parties were divorced in 1947; the decree incorporated a property settlement agreement under which plaintiff received certain property and defendant agreed to pay her $165 per month; in 1949 the allowance was voluntarily reduced to $150 per month. It is not con-

tended that the court had no power to reduce the allowance—only that it was an abuse of discretion to reduce it.

The briefs are but a repetition of arguments which, presumably, were made to the trial court. They deal at length and in detail with the finances of the parties, their necessities and their personal habits. Plaintiff contends that defendant's finances, as compared with his necessities, are in better shape than they were in 1947, or 1950, while defendant argues that the reverse is true. Defendant has taken a new wife; they have one child and at the time of the hearing were expecting another.

Plaintiff summarizes defendant's income and expenses, as defendant computes them, as follows: Salary $10,000, estimated bonus $750; deductions for income tax, etc. $1,314.40, leaving $9,436.60, or a monthly income of $786.38; monthly expenses claimed by defendant $874.82, leaving a monthly deficit of $88.44. But, plaintiff says, $315.25 of defendant's monthly expenses consist of principal and interest payments on an avocado grove that is in the name of the present Mrs. McKee, and other expenses of the grove, and should not be deducted in computing defendant's net income. Therefore, under plaintiff's theory, the court should have concluded that defendant has available for plaintiff's support the sum of $162.81 per month. The grove is claimed by plaintiff to have an equity value of $19,000.

According to defendant's calculations his "take home" pay is but $693.70 per month and his necessary expenses $739.57. The estimated bonus is problematical, he says, and is applicable to an indebtedness of $3,000 which he owes his employer. The equity in the grove is computed at $12,000 instead of $19,000, and it is heavily encumbered. Defendant and his present wife own household furniture and appliances not fully paid for, and defendant owns an old automobile. He testified that his finances went behind some $5,800 during 1947-50.

Plaintiff is employed as a typist and receives, after deductions, $204.30 per month. Her mother lives with her in an apartment and pays $40 per month toward the rent of $100 and living expenses. Plaintiff has no dependent. She has on hand $6,501.84.

It is clear from the evidence that each of the parties experiences difficulty in making ends meet from current income. Their gross salaries, which are not meager, appear in a different aspect after income taxes, social security taxes,

unemployment insurance taxes and hospitalization and group life insurance charges are deducted. Other factors, including innumerable and varied taxes, which contribute to the high cost of living, have materially impaired the finances of both parties and brought hardships to them which are common to all those who live as best they can on fixed salaries.

■ Adjustments of support money in such circumstances as meet the parties before us is one of the most difficult and baffling problems which confront a trial judge. But it is his problem. Time and again it has been emphasized that a reviewing court does not have the discretion in such matters that is vested in the trial judge. ■ The court here was not required to maintain plaintiff's allowance at an amount that would impair defendant's ability to maintain his second wife and children. (*Lamborn* v. *Lamborn*, 80 Cal.App. 494 [251 P. 943].) ■ The major complaint is that defendant is spending money on the avocado ranch which belongs to his present wife. They were not shown to be unnecessary expenditures; upon the contrary, defendant is making an effort to place the ranch on a paying basis and thus increase the family income. It does not appear that it was an abuse of discretion, nor even unwise, for the trial court to give tacit approval to this effort. An allowance of $90 per month is not unreasonable in view of the present circumstances of the parties. The reduction to that amount was not an abuse of discretion.

The order is affirmed.

Wood (Parker), J., and Vallée, J., concurred.