[Civ. No. 15010.   First Dist., Div. Two.   June 25, 1952.]

HELVETIA CAGWIN, Appellant, v. HORACE F. CAGWIN, Respondent.

Myers & Carter for Appellant.

Buckley & Ehlers for Respondent.

NOURSE, P. J.—In January, 1948, the parties hereto were divorced. The plaintiff was awarded the custody of the two minor children and the husband was ordered to pay $125 a month for the support of each. The parties thereafter each took a new spouse—the wife apparently getting the better bargain from the financial point of view.

In January, 1951, the defendant moved for a modification of the support awards on the ground of a depleted income. The plaintiff resisted the motion and at the same time cited the defendant for contempt. He was then $500 in arrears on his support payments. Both matters were heard together. The court modified the decree by reducing the amount payable for one of the minors from $125 to $75 a month. It did not hold that the defendant was in contempt, nor that he was not, but gave him 90 days to pay the arrears.

Appellant raises three questions which will be taken in order (1) contempt of court is a matter addressed to the discretion of the trial court. If the excuses made by defendant for his failure to pay all the support money were deemed sufficient the trial court was justified in denying a commitment.

(2) It is argued that, since the defendant was in contempt at the time of the hearing, the court was without power to hear his petition for a modification of the decree. The argument is based on a wrong postulate. There is no evidence in the record of a finding or of a judgment on the contempt issue. We cannot assume from argument alone that defendant was in contempt.

(3) Concededly the support and maintenance portions of a divorce decree are subject to modification when changed circumstances warrant it. The evidence is that the plaintiff by her second marriage has profited financially while

the defendant's remarriage has added considerable extra expenses. There is no evidence that the children are not well provided for. (*Becker* v. *Becker*, 64 Cal.App.2d 239 [148 P.2d 381].)

The order is affirmed.

Goodell, J., and Dooling, J., concurred.