[Civ. No. 15126.  First Dist., Div. Two.  Nov. 17, 1952.]

PATRICIA JO ANN HOOSER GREEN, Respondent, v. JAMES HARRISON HOOSER, Appellant.

Cornish & Cornish, Francis T. Cornish and Howard W. Wayne for Appellant.

T. Roy Hoover for Respondent.

JONES, J. pro tem.—This is an appeal from an order increasing the amount to be paid by appellant to his former wife for the support of their two minor children. Appellant's principal contention is that the court lacked jurisdiction to make the order.

That portion of the order pertinent to the appeal reads:

"It is hereby ordered, adjudged and decreed, that the following order contained in the interlocutory decree of divorce and continued in the final decree of divorce in the above entitled matter to-wit: 'that defendant pay to plaintiff the sum of $50.00 per month for the support and maintenance of each of the minor children of the parties hereto commencing and payable $50.00 on the first day of August, 1948, and $50.00 on the 15th day of July, 1948, and continuing $50.00 on the first and fifteenth day of each month thereafter until the further order of this Court,' be stricken from the record and of no further force or effect and that the following order be inserted in its place to-wit: 'that defendant pay to plaintiff the sum of $75.00 per month for the support and maintenance of each of the minor children of the parties hereto commencing and payable $75.00 on the 15th day of June, 1951, and $75.00 on the 1st day of July, 1951, and continuing payable $75.00 on the 15th day and 1st day of each month thereafter until further order of this Court.' "

An order to show cause was issued upon the affidavit of respondent and in response thereto appellant appeared and opposed the motion for an increase in payments for the support of the children. He took the witness stand, was sworn, and gave testimony in support of his side of the case.

■ As is held in numerous cases where a party makes a general appearance in an action he waives process and submits himself to the jurisdiction of the court. (See *Judson* v. *Superior Court*, 21 Cal.2d 11 [129 P.2d 361].)

■ Nor is there any merit to appellant's contention that no facts are set forth in respondent's affidavit sufficient to confer jurisdiction over the subject matter—the right of the children to receive adequate support from their father. The affidavit of the mother recites that the children need medical and dental treatment and that she is unable to pay for such treatment, or to pay already accrued medical and dental bills. In her affidavit she alleges further that she cannot support the children on the existing allowance of $50 per month.

As to the ability of the appellant to pay she alleges "That at the time said order was made (that incorporated into the interlocutory decree) defendant was earning the sum of $300.00 per month; that defendant is now earning in excess of $600.00 per month."

In *Metson* v. *Metson*, 56 Cal.App.2d 328, 331, 332 [132 P.2d 513], it is said, "Although the petition was filed by

the respondent as the divorced wife and mother of the children, she appears in a representative capacity on behalf of the children. They are the real parties in interest. Moreover, the State, itself, is a party to this proceeding in the sense that, independent of the rights of the parents, it has an interest in the welfare and maintenance of the children. The court granting the divorce *retains continuing jurisdiction* to modify or alter its orders in reference to the custody and maintenance of the children. (§ 138, Civ. Code.) . . . Certainly, it is and should be the law, that where a petition is filed, the only jurisdictional facts that must be alleged are *the needs* of the child and *the ability* of the defendant to pay." (Emphasis added.) The needs of the children and the ability of appellant to pay the additional sum for their support are clearly stated in the affidavit. The contention that the court acted without jurisdiction has no merit.

Appellant makes the added contention for a reversal of the order "That the Court erroneously refused to consider appellant's increased living costs due to his remarriage, but treated appellant's obligation to support his second wife as subordinate and not equal to his obligation to provide for his children."

The record which is brought here on a settled statement does not support this contention. The mother testified that both children are girls, aged 9 and 7 years respectively; that the younger daughter is in need of a tonsillectomy, and that both daughters are in need of dental work; that the cost of food for each child is approximately $40 per month; that out of the proceeds from the sale of joint tenancy property which she and appellant owned she purchased a piano for the use and education of the daughters and paid accumulated bills; that since the sale of the joint tenancy property which was occupied by her and the children rent free she is faced with the burden of providing housing for the minors.

Appellant testified that as a journeyman plumber, he earned from January 1, 1951, to May 20, 1951, net wages in the sum of $1,402.96, and that his net earnings vary from $37.16 to $98.55 per week; that in 1950 he made an income tax return of $6,000, part of which was earned by his wife. His necessary expenditures per month were given by him as $60 for payments on the house in which he is living; $16 for utilities; $90 for food; $44 for payments on his automobile; and $25 for maintaining his automobile.

Appellant's income approximates $300 per month and his necessary expenditures $235 for the same period. In addition the record discloses that during the year 1950 he received $2,300 as his share of the proceeds from the sale of the home, and $2,700 in settlement of a claim for damages for personal injuries.

With these facts before him the trial judge increased the payments to be paid for support from $50 to $75 per month for each child. The record discloses that the trial court stated that he did not believe appellant's testimony that he had expended all of the $5,000 that he had received in 1950, above his income from earnings. ■ The record also discloses that the trial court stated, ''that *under the circumstances* defendant could not use his remarriage and support of the new wife and partial support of her child by a former marriage as a reason or excuse for reducing the amount reasonably necessary for the support of his own children.'' (Emphasis added.) This statement merely characterizes appellant's defense, and in effect says that such a defense is not conclusive. It does not mean that the court would not and did not take into consideration all of the facts and circumstances of the case in determining the ability of appellant to pay the additional award. The disclosed facts indicate an ability to pay regardless of the increased burdens of his remarriage, and this is precisely what the court indicated by the questioned statement.

The order appealed from is affirmed.

Goodell, Acting P. J., and Dooling, J., concurred.