[Civ. No. 16028. First Dist., Div. Two. Nov. 17, 1954.]

ARDITH N. REED, Appellant, v. KENNETH REED, Respondent.

Phil F. Garvey for Appellant.

John Francis Digardi for Respondent.

KAUFMAN, J.—This is an appeal from an order modifying decree of divorce by which respondent's alimony payments to his former wife were reduced from $100 per month to $25 per month, and which awarded the custody of the minor child to the appellant mother as provided in the final decree of divorce, but defined respondent's right of visitation in detail.

The complaint for divorce filed May 29, 1950, on the grounds of extreme cruelty, alleged that the parties were married November 22, 1947, and were separated on March 1, 1949, and that there was one child of the marriage born February

12, 1949. The final decree of divorce, filed August 9, 1951, awarded community property consisting of a house and lot in San Francisco and the household furniture and fixtures to plaintiff wife, the appellant herein. She was also awarded custody of the minor child, $75 per month support for said child, $100 per month alimony, attorney's fees and costs.

Respondent in his affidavit in support of the order to show cause alleged that circumstances and conditions surrounding the parties had materially changed since the order was made in that (1) plaintiff is employed earning in excess of $200 per month and is able-bodied and capable of being regularly employed; (2) defendant (respondent herein) has remarried and finds it difficult to maintain the schedule of payments provided in the final decree; (3) it will be for the best interests of the minor child to live in the home of defendant until further order of the court.

At the hearing of the order to show cause respondent testified that he was employed by the American Locomotive Company, and that he had given certain figures (without specifying their amounts) to his counsel. His counsel stated to the court that he had prepared a memorandum and had given opposing counsel a copy, to assist the court and counsel in showing their position. After statements by counsel for appellant and respondent and some discussion as to difficulties concerning the respondent's visiting with the child, the matter was continued to await the report of a domestic relations investigator.

At the second hearing respondent gave no testimony as to his financial condition or expenses. He did testify that he had remarried on March 31, 1952, gave reasons for not visiting his child, and testified in rebuttal of appellant's testimony concerning his drinking and conduct toward her.

Appellant testified that she was now living in Burlingame within two blocks of defendant husband; that her present average weekly pay was $47; that on September 1 she intended to change her place of employment to Redwood City to avoid commuting and to have more time with her child. She did not state what her pay was to be in her new employment. Appellant said that she was presently living with her father and mother. The child attended a nursery school at a cost of $70 per month. Appellant's share of the monthly expenses of the household were: rent, $62.50, utilities, $15, food, $80. The cost of running her car back and forth to work was $25 to $30 per month, but that expense would be reduced when she

moved her occupation to Redwood City. She stated that she had a physical condition which required a treatment each month at a cost of $15 to $20; that she had had a serious operation in 1951, and would probably have to have another operation in the future; that she owed $500 for medical expense and $250 for back income taxes.

On cross-examination appellant stated that the automobile which she drove had been bought by her parents who did not drive in order that she could use it to drive back and forth to work. The registration and insurance were in her name. Appellant testified that she had worked only four out of the past six months; that in 1952 she worked for a firm that went out of business. She stated that one of the personnel in that firm at the time they were closing it asked her to postpone her marriage. That is the only reference in the record to a contemplated marriage. She then worked a couple of months, but did not say for whom, and the remainder of 1952 was in a business for herself which failed. She then went to work with the company by which she was employed at the time of the hearing.

The report of the domestic relations investigator was referred to at the hearing, and quoted from in regard to the visiting of the father with minor child. The report in full does not appear in the transcript.

Appellant contends that the trial court was without jurisdiction to make the order reducing the alimony payment because there was no evidence showing any new facts or changed circumstances as contemplated by law. Appellant admits that each case must be determined on its own facts, the object of the court being to do justice between the parties, but maintains that there must be a genuine showing of inability to pay the original amount to support such a drastic reduction in alimony. Appellant emphasizes the fact that respondent at no time states that he is *unable* to pay, but rather that it is difficult for him to pay. In *Dimon* v. *Dimon,* 40 Cal.2d 516 [254 P.2d 528], it is said that in modifying an award on the ground of changed circumstances, the court must take into consideration the needs of the wife and the ability of the husband. There is of course, substantial evidence to establish the inability of the husband to meet the $100 per month alimony payments if we take into consideration the memorandum containing the statement of monthly earnings and expenditures of respondent. This statement shows that respond-

ent has a deficit of $58.39 per month when he has made the alimony payment.

It is earnestly contended by appellant that this court may not consider the memorandum containing respondent's earnings and expenditures as part of the record on appeal, inasmuch as it was never introduced in evidence in the trial court. Respondent moved this court to augment the record by adding this memorandum to the record on appeal, which motion was granted, and argues that the memorandum must be treated as properly in evidence in the trial court, although admitting that no formal offer was made in the court below. At the opening of the first hearing, counsel for respondent said, "In order to give your Honor a comprehensive picture in this matter and to facilitate the hearing, I have prepared a memorandum and have given Mr. McGinness, Jr., a copy of the memorandum so it will assist your Honor and counsel in showing our position. Now I have prepared this memorandum, Mr. Reed, of the figures given to me by you" to which the witness Reed replied, "That's right." Counsel then asked: "And you are employed by the American Locomotive Company?" Respondent replied, "That is right." No other questions were asked respondent by his counsel, nor by opposing counsel nor the court as to any of the remaining items contained in the memorandum. The court then interrupted respondent's counsel saying: "May I bring to my mind just exactly what you are asking at this time?" Counsel then explained that a reduction in alimony, but not in child support was being asked, and continued to direct the court's attention to the memorandum, saying "if you will notice, at the beginning of my memorandum, they were married for one year and two months. So that I feel now . . . that the defendant has fulfilled his obligation, payment of alimony, for three years. The man has since remarried. You will see on the other side of the page wherein his obligations are and his costs each month, and his costs amount to more than the salary he is receiving each month." The court did not comment on this but asked counsel about the request for change in custody of the child.

At the beginning of the second hearing on the matter, the court asked that her memory be refreshed as to how far they had gone with the matter, and counsel for respondent stated: "Well, I submitted to your honor a copy of the expenditures of the plaintiff, of defendant, rather, . . ."

It is well established, as respondent points out, that

when a document has been considered by the court and the parties as being in evidence, the fact that no formal offer in evidence was made will not exclude it from consideration as part of the record on appeal. (*Mann* v. *Mann,* 76 Cal.App.2d 32 [172 P.2d 369] ; *Estate of Pailhe,* 114 Cal.App.2d 658 [251 P.2d 76] ; *Walsh* v. *Walsh,* 108 Cal.App.2d 575 [239 P.2d 472].) ''Where documents are not formally introduced, but it is apparent that the court and the offering party understood that they were in evidence, they must be so considered.'' (10 Cal.Jur. 865, § 144.)

■ Appellant contends that this self-serving statement was not admissible in evidence and would have been excluded if it had been formally offered at the hearing. Such a memorandum could be used to refresh the memory of the witness, but would not itself be admissible. (27 Cal.Jur. 88-89, §§ 67-69.)

The cases relied on by respondent are much stronger than this case. In *Estate of Pailhe, supra,* the reviewing court there noted that the record of proceedings in the action in which the extraordinary legal services had been rendered, for which compensation was being sought, ''was judicially cognizable by the trial court,'' and furthermore the transcript clearly showed that counsel for both sides understood that the court had such record before it for consideration. In *Walsh* v. *Walsh, supra,* counsel for respondent offered the purported property settlement agreement to the judge for his consideration. Counsel for appellant stated that he would show that it was executed without consideration, and then proceeded to ask appellant a series of questions pertaining thereto. In *Mann* v. *Mann, supra,* the trial court stated that respondent had offered the file of the divorce proceedings and that the record had been fully considered in passing upon the motion, and since no objection was made by appellant to the statements of either court or counsel, it might be assumed that he acquiesced in such statements. In the present case we have no comment in the record by the trial judge which discloses whether or not she was considering the memorandum as having been admitted in evidence. Counsel for appellant did not cross-examine respondent as to the facts contained therein, and the record is silent concerning his reaction to it. ■ There are facts from which a waiver of objection to its use in evidence may be inferred in that after furnishing the court and opposing counsel with copies, counsel for respondent called the attention of the court to the fact that it

was to assist in showing respondent's position in that it showed an excess of expenses over income, and that appellant failed to raise any objection. This is sufficient basis for a waiver, and the document may properly be considered by this court as substantial evidence of respondent's inability to meet the $100 per month alimony payments.

Appellant maintains that there is no evidence to support a modification for a change in circumstances under section 139, Civil Code. The fact of the husband's remarriage is, of course, established, and that is a circumstance that may be considered, although in itself alone it would not be justification for reducing the former wife's alimony if her needs demanded its continuance at the same amount as in the past. His remarriage, as said in *Long* v. *Long*, 76 Cal.App.2d 716, 723 [173 P.2d 840], does not exempt him from providing for her support.

Appellant relies upon *Molema* v. *Molema*, 103 Cal.App. 79 [283 P. 956], but in that case the evidence clearly did not support the order of modification since the undisputed evidence was that the husband's earnings had greatly increased and his burdens had decreased, and the wife was unable to earn a salary adequate for her support, had no property or income, and had been unable to work for six months prior to the hearing because of illness. In *Ralphs* v. *Ralphs*, 86 Cal.App.2d 324 [194 P.2d 592], relied upon by appellant, the court stated that the alimony award could not be modified without a showing of change in conditions subsequent to the entry of the interlocutory decree and reversed the order of modification of the $150 per month award for maintenance of the wife and minor children, because the husband had testified that there had been no change in his income. The opinion does not disclose that there was any other testimony in the record. It does not appear that the husband had remarried, or that the former wife was earning a substantial income, as in the present case. In *McKee* v. *McKee*, 108 Cal.App.2d 488, 490 [239 P.2d 37], in which an order modifying the alimony award was affirmed, the earlier case of *Lamborn* v. *Lamborn*, 80 Cal.App. 494 [251 P. 943], is cited with approval to the effect that the court is not required to maintain a former wife's allowance at an amount that will impair defendant's ability to maintain his second wife and children. *Green* v. *Hooser*, 114 Cal.App.2d 211 [250 P.2d 162], cited by appellant, appears to be authority for respondent's contention that the remarriage of the husband with its increased burdens is

a fact which the court may consider in determining whether there is a change of circumstances, for the court there held that the facts disclosed an ability on the part of the husband to pay regardless of the increased burdens of his remarriage.

■ Appellant contends that the evidence supported the need of the wife to continue to receive the $100 per month alimony payment and that the court abused its discretion in reducing the payment to $25 per month. Appellant testified that she lived with her parents, that her share of the rent was $62.50 per month, utilities, $15, food, $80, medical treatment for herself, $15 to $20 per month, $25 to $30 expense per month driving to and from work. This latter expense, she stated, would be reduced in September when she changed her position. These expenses totaled $207.50, her expenses at the time of the hearing, which after September would be somewhat less. Her income at the time of hearing was $47 per week after deductions. Her monthly income would be a little over $200 per month. With the $25 award, her income would be $225 if we do not consider the $75 for child support. She stated that $70 per month was then being spent for nursery school for the child, who was at the time of this hearing about 4½ years of age. The mother stated that the child would be going into kindergarten, but there is nothing in the record to show that the $70 per month expense will continue in the kindergarten. With the award as modified, appellant will have an income of approximately $200 plus $25 alimony and $75 child support or about $300. Against this are present expenditures of $207.50 plus $70 nursery school expense, a total of $277.50. This leaves a margin of $22.50 per month for clothing, incidentals, and payment of past bills.

The trial judge was here confronted with the proposition that respondent would suffer a deficit of nearly $60 per month if the present allowance was continued. We cannot say that the trial court arrived at an inequitable solution, nor abused its discretion in reducing the alimony to $25. Appellant emphasizes that she has past medical bills that must be paid, and may need surgery in the future. The trial court could have considered the fact that appellant was awarded the community property and should have had sufficient resources to have taken care of these bills. If in the future appellant is unable to work for physical reasons, she may apply for a modification of the award.

We conclude that no abuse of discretion appears, and a

modification of such an award will not be set aside without a clear showing that the trial court has committed such an abuse of discretion. (See *Werner* v. *Werner,* 120 Cal.App. 2d 248, 251 [260 P.2d 961].)

Order affirmed.

Nourse, P. J., and Dooling, J., concurred.

A petition for a rehearing was denied December 17, 1954, and appellant's petition for a hearing by the Supreme Court was denied January 12, 1955. Shenk, J., and Carter, J., were of the opinion that the petition should be granted.