[Civ. No. 19368. First Dist., Div. Two. Mar. 30, 1961.]

DONALD C. BURNS, Appellant, v. BARBARA J. BURNS, Respondent.

Harry L. Kuchins, Jr., and McFarland & Ferdon for Appellant.

Bert W. Levit, Victor B. Levit and Long & Levit for Respondent.

DRAPER, J.—In this divorce action, plaintiff husband's complaint alleged that $200 per month "is a reasonable and necessary sum to be awarded to defendant for the support and maintenance" of the two children of the marriage. Upon the wife's default, interlocutory decree was entered granting divorce to husband, awarding custody of the children to wife, and directing husband to pay $200 per month for their support. No alimony award was made. Final decree incorporating the same support provision was entered as of August 19, 1959. In November, husband procured an order directing wife to show cause why the child support payments should not be reduced to $100 per month. After hearing, reduction was denied. Husband appeals.

The evidence showed that both husband and wife had remarried. Husband's earnings remained precisely as they had been at date of interlocutory decree. Wife testified that her expenses for the children amounted to $205 per month. She admitted that for the year between interlocutory decree and her remarriage her only income had been the child support payments.

Husband contends that the trial court erroneously ruled that it had no power to consider the remarriages of the parties as a change of circumstances. The record does not support him. ■ The court did insist that change of circumstances must be shown to warrant modification. The decisions are in accord with this view (*Bratnober* v. *Bratnober*, 48 Cal.2d 259, 261-2 [309 P.2d 441]; *Snyder* v. *Snyder*, 219 Cal. 80 [25 P.2d 403]; *Evans* v. *Evans*, 185 Cal.App.2d 566, 570 [8 Cal.Rptr. 412]).

■ As to the husband's remarriage, the trial court took the view that "his children take precedence" over the claimed "expense of his present wife." At the least, this approach is within the court's discretion (*Reed* v. *Reed*, 128 Cal.App.2d 786, 792 [276 P.2d 36]; *Long* v. *Long*, 76 Cal.App.2d 716, 723 [173 P.2d 840]).

■ Clearly, the trial court was not compelled to reduce child support because of the wife's remarriage. Although there is some authority indicating that such remarriage may be considered (*Cagwin* v. *Cagwin*, 112 Cal.App.2d 14 [245 P.2d 379]), other cases hold that the mother's remarriage "has no effect" upon the father's duty to provide for his children (*Evans* v. *Evans*, *supra*, 185 Cal.App.2d 566, 571; *Avila* v. *Leonardo*, 53 Cal.App.2d 602, 609 [128 P.2d 43]). We need not resolve this apparent conflict, since it is not and

cannot be contended that the remarriage, as a matter of law, requires modification of the allowance for child support. Alimony is not here involved.

 Husband stresses the fact that for a year the wife apparently supported herself as well as the two children from the child support allowance. The trial court did consider this issue, but concluded that it bore upon the propriety of the original allowance, rather than upon changed circumstances. We cannot say that this inference is improper as a matter of law, particularly in view of the wife's testimony that the requirements of the children exceeded the amount allowed. If she misused sums allowed to the children for her own benefit and to the detriment of the children, they or the state might have an action against her (see *Metson* v. *Metson*, 56 Cal.App.2d 328 [132 P.2d 513]).

The trial court's determination in a proceeding to modify support allowances will not be set aside unless an abuse of discretion is shown as a matter of law (*Primm* v. *Primm*, 46 Cal.2d 690, 694 [299 P.2d 231]). We find no such abuse here.

Order affirmed.

Kaufman, P. J., and Shoemaker, J., concurred.