[Civ. No. 31032.   Second Dist., Div. One.   May 29, 1967.]

EVELYN A. HENDERSON, Plaintiff and Respondent, v. DALE D. HENDERSON, Defendant and Appellant.

Williams & Williams and Ernest George Williams for Defendant and Appellant.

Price & Karen and Charles A. Price for Plaintiff and Respondent.

FOURT, J.—This is an appeal from the orders "with respect to the order to show cause of defendant in re modification dated March 24, 1965, the order to show cause of plaintiff in re modification dated May 14, 1965, and the order to show cause of plaintiff in re contempt dated November 17, 1965, said motions have been heard by the . . . Court. . . ."

Appellant and respondent were married October 14, 1942, and two children were born to the marriage. Respondent wife filed for a divorce on July 6, 1961; an interlocutory decree of divorce was granted March 16, 1962, and a final decree was entered April 12, 1963. The interlocutory decree provided, among other things, that the wife was to have custody of the children, the husband was to pay to the wife $400 per month for child support and $600 per month for alimony. The husband, on March 24, 1965, filed a proceeding to secure a modification of the alimony and support order. On April 26th, May 14th and November 17th, 1965, the wife sought orders of contempt because of the husband's alleged failure to make ordered payments. On May 14, 1965, the wife, by a proceeding, also sought to have the alimony and support payments increased.

The three matters were consolidated for hearing and in December 1965, the court conducted a full hearing on all of the matters involved.

The court found that there had been a change of circumstances and ordered that the alimony payments be reduced to the sum of $450 instead of the $600 ordered in the interlocutory decree; in other words, a reduction of 25 percent.

Appellant now asserts that it was an abuse of discretion to make such a small reduction under the circumstances.

A résumé of some of the facts is as follows:

Appellant is the owner of all of the stock of Henderson Construction Company. That company apparently reports its income on an accrual basis. By this system, when a job is 100 percent completed the books will reflect the income therefrom —until a job is completed, and Henderson is the person who makes that determination, the books may or may not reflect the actual worth of the company. There is evidence to the effect that the husband's income is very much larger than he would have the court believe, and, in any event, is such that he can and should pay to the former wife the sum of $450 per month as alimony. The record shows that since the divorce, the husband has made large purchases of stocks and various interests in parcels of real property, that he has sufficient

funds to maintain a box at the Santa Anita Race Track and to take extensive hunting trips.

As in many domestic relation cases, the former wife claims that the former husband is very wealthy and can afford easily to pay a much larger sum than the court awarded, and the former husband claims, at the same time, that he is virtually at the threshhold of the poorhouse and cannot possibly pay what the court ordered. Each of the parties here deals at great length with the intricacies of the various accounting practices used to determine his income.

The trial judge devoted several days to hearing the claims and counterclaims of the parties. The judge had the opportunity to see the parties testify and to see and hear their respective accounting experts. From all of the evidence the judge came to the determination and judgment as indicated. There is evidence to the effect that the husband and his corporation had a true income for the fiscal year ending September 30, 1965, of about $70,000. We think it unnecessary to relate all of the involvements and intricacies of the accounting practices in contention—suffice it to say that an examination of the record demonstrates without question that the trial judge did not abuse the discretion lodged with him in arriving at his conclusion and judgment, and in the absence of such abuse of discretion, this court will affirm the order or judgment. (See *McKee* v. *McKee*, 108 Cal.App.2d 488 [239 P.2d 37].)

The orders appealed from are, and each is, affirmed.

Wood, P. J., and Lillie, J., concurred.