[Civ. No. 43710. Second Dist., Div. Three. Apr. 29, 1975.]

Estate of ARTHUR J. CONNOLLY, Deceased.
EDGAR C. STEEVES, as Executor, etc., Petitioner and Respondent, v.
BETTY STILES et al., Claimants and Appellants;
WORLD'S AGNOSTIC GROUPS et al., Contestants and Respondents.

**COUNSEL**

Victor S. Amstadter and Steven Edmondson for Claimants and Appellants.

No appearance for Petitioner and Respondent.

Evelle J. Younger, Attorney General, Geoffrey S. Cantrell, Deputy Attorney General, Hodges, Emmons & Walther and Henry W. Walther for Contestants and Respondents.

## OPINION

**COBEY, J.**—Claimants, Betty Stiles and Barbara Simmons, nieces and sole heirs-at-law of Arthur J. Connolly, deceased, appeal from an order, upon a petition for instructions filed by the executor of the last will of Connolly, determining Ethical Culture Society of Los Angeles to be the successor charitable trustee of the residue of the estate of Connolly.[1] The appeal lies. (Prob. Code, § 1240.)

This appeal presents the fundamental question of what was Connolly's intent in leaving his entire estate of cash and securities by will specifically to World's Agnostics Groups (WAG), a nonprofit California corporation.[2] (See Prob. Code, § 101.) Claimants assert that because of the specific designation of the legatee and because no technical words of trust were used, the testator intended only a gift to WAG and nothing more and WAG being no longer a viable corporation, the gift to it failed and claimants are entitled to receive the residue of the testator's estate by intestate succession pursuant to Probate Code section 225.[3] The Attorney General, as the supervisor of charitable trusts in this state, rejoins that

---

[1]Claimants have also appealed from the dispositions made of certain prior matters, but they appear to have abandoned these objections in favor of their challenge of the disposition made of the testator's residuary estate.

On petition for rehearing claimants contend for the first time that the trial court was without subject matter jurisdiction in this case because their claim came before that court on the executor's petition for instructions rather than upon a petition by him to determine heirship. (See Prob. Code, §§ 588, 1080 et seq.; *Estate of Hoffman,* 265 Cal.App.2d 135, 139-141 [71 Cal.Rptr. 230].) We disagree. True, their claim came before the trial court (after the trial court apparently had vacated its decree of distribution) on an earlier filed petition of the executor for instructions. The filing of this petition was occasioned by the apparent demise of World's Agnostics Groups, the residuary legatee, and related circumstances. The proceedings then had upon it included an express waiver by claimants, among others, of the right to trial by jury. Such proceedings were essentially equivalent, so far as claimants are concerned, to those which would have obtained had the proceedings been upon a petition to determine heirship. It would be exalting form over substance to hold that under the peculiar circumstances of this case the trial was without subject matter jurisdiction over the petition before it. We decline to so hold. Claimants have had their day in court.

[2]The legacy at issue reads:

"FOURTH: I hereby give, devise and bequeath my entire estate, whether real, personal, or mixed, rights and interests of every nature, kind and description, whether community, separate or mixed, wherever situated, including all failed and lapsed gifts, which is or may be subject to my testamentary disposition at the time of my death, to WORLD'S AGNOSTICS GROUPS, a non-profit California corporation."

[3]If claimants prevail, they will divert the entire estate of the testator from WAG to themselves since by means of a settlement of their will contest, they have already received $25,000 of the estate. Incidentally, we do not regard this settlement as barring their present claim which rests upon circumstances occurring subsequent to the settlement.

the legacy to WAG constituted a charitable trust and upon the failure of the original trustee, WAG, to survive, the court properly appointed a successor charitable trustee pursuant to the *cy pres* doctrine.

■ Thus, the basic disagreement between claimants and the Attorney General is over the nature of Arthur Connolly's testamentary gift. To decide this question, we must examine the nature of the donee. WAG was a corporation formed about a year before the testator's death. The testator, a single man without children, was one of its three incorporators and one of its three initial directors. According to its articles of incorporation its specific and primary purpose was "to further the cause of agnosticism throughout the world."

Claimants contend that WAG was not a charitable corporation because this purpose was not a charitable purpose.[4] True, this purpose cannot be said to be a religious one (see Webster's New Internat. Dict. (3d ed. · 1966) p. 1918), but we regard it as an educational one. Agnosticism is the intellectual viewpoint of an agnostic—one who neither affirms nor denies the existence of a Supreme Being or ultimate cause because he regards the determination of that Being's existence as unknowable. *(Id.,* p. 42.) Stated otherwise, agnosticism teaches that one aspect of the human condition is the inability of human beings to know whether or not God exists.

■ A corporation whose purpose is educational is a charitable corporation. *(Lynch* v. *Spilman,* 67 Cal.2d 251, 261 [62 Cal.Rptr. 12, 431 P.2d 636].) The dissemination of a rational, though perhaps unpopular,

---

[4]At oral argument claimants advanced for the first time the contention that WAG's articles of incorporation may not be considered by us because they were not offered in evidence. This contention is without merit. They were placed before the trial court by the Attorney General as a part of one of his pleadings filed there. Claimants and the Attorney General alluded to them in the course of their written arguments to the trial court and that court considered them in arriving at its decision. Under these circumstances they may be considered by us. (See *Reed* v. *Reed,* 128 Cal.App.2d 786, 790-791 [276 P.2d 36].)

They also assert that since WAG apparently did not claim exemption as a charitable corporation from the state inheritance tax pursuant to Revenue and Taxation Code section 13842, the order imposing such tax on WAG is res judicata on the issue of its status as such a corporation. We do not agree. An order fixing such a tax is binding upon those claiming the estate only for tax purposes and for no other purpose. *(Estate of Rath,* 10 Cal.2d 399, 406 [75 P.2d 509, 115 A.L.R. 836].)

Furthermore, we note that the Franchise Tax Board exempted WAG as a charitable corporation from the state income tax pursuant to Revenue and Taxation Code section 23701d. The applicable language of the two taxing statutes is essentially the same. We note further that WAG registered with the Attorney General as a charitable corporation pursuant to Government Code sections 12581, 12582 and 12582.1.

belief or doctrine constitutes an educational purpose.[5] (Rest. 2d Trusts (1959) §§ 370, com. g, 374, com. *l;* 4 Scott, Trusts (3d ed. 1967) § 370.4, p. 2875; Bogert, Trusts and Trustees (1964) § 375, pp. 127-128.) ■ In California and apparently elsewhere a gift to a charitable corporation is regarded as being in trust for the accomplishment of its charitable purpose or purposes and no technical words of trust need be used to accomplish this result. No further manifestation of general charitable intent is necessary. (Civ. Code, § 2221; *In re L. A. County Pioneer Society,* 40 Cal.2d 852, 860 [257 P.2d 1]; *Estate of MacPherson,* 14 Cal.App.3d 450, 457 [92 Cal.Rptr. 574]; Rest. 2d Trusts, *supra,* § 397, com. f; 4 Scott, Trusts, *supra,* § 351, pp. 2797-2798.)

■ To us the intent of the testator in this case seems clear. He gave his estate by will to the corporation he helped create approximately a year before his death so that he might thereby assist it in the accomplishment of its specific and primary purpose—"to further the cause of agnosticism throughout the world." This determination of his intent accords not only with the policy of the law in this state to favor attempted charitable gifts (*Estate of Tarrant,* 38 Cal.2d 42, 46 [237 P.2d 505, 28 A.L.R.2d 419]), but it also is consistent with our policy to construe a will in such a way as to avoid intestacy if that may be reasonably done. `(See Prob. Code, § 102; *Estate of Moore,* 190 Cal.App.2d 833, 839 [12 Cal.Rptr. 436].)

The order determining Ethical Culture Society of Los Angeles to be the successor charitable trustee to the residue of the estate of Arthur J. Connolly is affirmed.

Allport, Acting P. J., and Potter, J., concurred.

A petition for a rehearing was denied May 16, 1975, and appellants' petition for a hearing by the Supreme Court was denied July 23, 1975.

---

[5]We do not imply that the viewpoint of agnosticism is correct or incorrect. The educational process often involves the dissemination of what are regarded as facts, but which are later shown not to be. The sense of today is all too frequently the nonsense of tomorrow.