[Civ. No. 7050.   First Appellate District, Division Two.—January 7, 1930.]

HULDA · S. MOLEMA, Appellant, v. HERMAN G. MOLEMA, Respondent.

Corbet & Selby for Appellant.

Samuel D. Hamburg for Respondent.

NOURSE, J.—Plaintiff appeals from an order annulling portions of decrees of divorce awarding her alimony.

On May 28, 1914, the plaintiff was awarded an interlocutory decree of divorce from the defendant upon grounds of cruelty. The complaint for divorce pleaded the ownership of two parcels of property, one of which was alleged to be community property, and the other was alleged to be the separate property of the wife, and also alleged defendant's ability to pay alimony. The decree made no disposition of the community property but cleared plaintiff's title to the parcel claimed as her separate property, and awarded her alimony in the sum of $25 a month. This sum was paid more or less irregularly until August, 1927, when, defendant being $225 in arrears, he was cited to appear in contempt proceedings. He thereupon gave notice of motion to strike from the decrees the provisions relating to alimony. This motion was based upon three grounds: inadvertence, that defendant, was then unable to make the payments, and that plaintiff does not require the same. The motion was heard at the same time as the order to show cause. The trial court found that defendant was delinquent to the extent of $200. This finding was manifestly a clerical error because it was stipulated in open court that the amount in arrears was $225. The trial court then entered its judgment reading as follows: "It is ordered, adjudged and decreed that the motion of said defendant to eliminate from said decrees so much thereof as requires him to pay plaintiff the sum of $25 per month be, and the same is hereby granted, and said interlocutory and final decrees are hereby amended by striking therefrom such requirement." The appeal is from this order.

Appellant claims the order was beyond the jurisdiction of the court because it in terms undertook to change the wording of the original interlocutory and final decrees of divorce instead of making and ordering a proper modification as of the date of the motion. (*Soule* v. *Soule*, 4 Cal. App. 106 [87 Pac. 205]; *Howell* v. *Howell*, 104 Cal. 45 [43 Am. St. Rep. 70, 37 Pac. 770]; *Cohn* v. *Cohn*, 150 Cal.

99 [11 Ann. Cas. 520, 88 Pac. 267].) This point, if well taken, would only require a modification of the order appealed from, as was done in the Soule case.

But we do not need to draw any nice line of distinction between the expressions "modification," "suspension" and "annulment" because the order appealed from, though denominated a modification of the interlocutory and final decrees is, in legal effect, an annulment of the portions of those decrees relating to alimony. The case·here is to be decided on general principles. ▉ The rule is uniform that an order or judgment solemnly entered after hearing cannot be annulled either expressly or by indirection except upon legal grounds, and when the statute authorizes a modification on specified grounds the statute is the measure of the court's jurisdiction (15 R. C. L., pp. 720, 721). ▉ But authority to modify the allowance for alimony "does not include the right to alter the award upon the state of case existing when the decree was entered, or to review the action of the chancellor therein. The parties had their day in court, with the right of appeal if the decree was deemed erroneous, and it cannot be supposed that it was intended that the court should sit in review of its own decrees, or that the same or some succeeding chancellor presiding in the same court should, after the lapse of indefinite time, have power to reverse, alter or modify a decree for alimony upon the facts existing at the time of its entry." (1 R. C. L., p. 948.)

▉ Here the motion was noticed on three separate grounds and not a word of evidence was offered or received which supports any one of them. No inadvertence was attempted to be shown. The undisputed evidence upon the ground of respondent's ability to pay showed that his earnings had greatly increased and that his burdens were less. Upon the ground of appellant's need the evidence was without conflict that she was unable to earn a salary adequate for her support, that she had no property or income, and that because of sickness and a capital operation which she had to undergo she had been unable to work at all for a period of six months preceding the hearing. There is no evidence of any character which even remotely supports any ground for a "modification" of the decrees, and when this is so it is error to so modify the decrees as to render

the order involving alimony ineffective. The principle of law involved is that when a court has once acted after hearing the merits of a controversy the action cannot be set aside or modified in matters of substance except upon legal grounds and that, when the code section authorizes the court to modify its orders for alimony, it contemplates a legal showing ''having regard to the circumstances of the parties respectively.''

The order is reversed.

Sturtevant, J., and Koford, P. J., concurred.