[Civ. No. 16124.   Second Dist., Div. Three.   June 22, 1948.]

STELLA MARIE RALPHS, Appellant, v. LESLIE R. RALPHS, Respondent.

Allan L. Leonard and Glenn R. Seavey for Appellant.

Leslie R. Ralphs, in pro. per., for Respondent.

McCOMB, J. assigned.—This appeal is from an order made April 8, 1947, reducing on defendant's application the amount of alimony awarded plaintiff in an interlocutory decree of divorce from $150 to $100 a month.

The record discloses that on November 26, 1946, an interlocutory decree of divorce was granted in favor of plaintiff in which she was awarded $150 a month for the support and maintenance of herself and the minor children of the parties. Thereafter defendant served upon plaintiff an order to show cause why the amount of alimony awarded her should not be reduced. After a hearing at which defendant testified that there had not been any change in his income since November 26, 1946, the trial court modified its previous order by reducing the amount of alimony to be paid by defendant for the support and maintenance of plaintiff and the minor children from $150 a month to $100 a month, the modification to be effective from and after April 3, 1947. At the same time an order was made denying plaintiff any attorney's fees in connection with the hearing of the application for a modification of the alimony provision in the interlocutory decree.

Plaintiff urges that the trial court erred in (a) modifying the provisions for alimony awarded in the interlocutory decree, and (b) denying her attorney's fees. This proposition in the main is correct.

The trial court is without authority to make an order reducing the amount of alimony awarded in an interlocutory decree of divorce in the absence of a showing that there has been a change in conditions subsequent to the entry of the interlocutory decree of divorce. (*Snyder* v. *Snyder,* 219 Cal. 80, 81 [25 P.2d 403]; *Molema* v. *Molema,* 103 Cal.App. 79, at 81 et seq. [283 P. 956].) This rule is applicable to the present case for the reason that defendant testified that there had been no change in his income from the time the interlocutory decree of divorce was entered to and including the date of the hearing on his application for a modification of such decree.

Therefore, the court was without authority to reduce the amount of alimony awarded plaintiff by the interlocutory decree of divorce.

The settled statement on appeal fails to disclose that plaintiff made application in the trial court for an allowance of attorney's fees. In the absence of such an application, the trial court did not err in failing to make an award of attorney's fees to plaintiff. (*Burdick* v. *Burdick*, 95 Cal.App. 304, at 306 [272 P. 752].)

The order is reversed.

Shinn, Acting P. J., and Wood, J., concurred.