[Civ. No. 18310. Second Dist., Div. Three. Dec. 10, 1951.]

LOIS E. WUEST, Appellant, v. WILLIAM O. WUEST, Respondent.

William C. Rau and George A. Pickering for Appellant.

Cook & Johnson for Respondent.

SHINN, P. J.—Plaintiff wife has appealed from an order refusing her application for an increase in the amount of support money awarded her by orders made subsequent to a decree of divorce which she obtained in 1943. There have been previous appeals in the same action (*Wuest* v. *Wuest*,

53 Cal.App.2d 339 [127 P.2d 934], 72 Cal.App.2d 101 [164 P.2d 32]).

Some time after the second appeal plaintiff received in settlement of her community property interest about $23,000. She was awarded, in addition, $75 per month for her support; by order of August 21, 1946, the amount was reduced to $60 and by order of April 2, 1948, it was further reduced to $40 per month. The current proceeding was instituted by plaintiff for an increase in the allowance to $100 per month. Defendant's application, heard at the same time, for termination of the support payments was not acted upon and is not here in question.

The case of the appellant is presented as if this court had jurisdiction of questions of fact and possessed the discretionary powers which belong to a trial court. Since it is not within appellate jurisdiction to try such matters *de novo* we shall give but a broad outline of the facts that were before the trial judge. From this it will satisfactorily appear that in denying plaintiff's application the court did not commit an abuse of discretion.

Defendant, who has remarried, owns valuable improved real estate from which he derives a substantial income. He is not physically able to pursue any occupation or employment and devotes his time to the management of his properties. With his present wife defendant has a joint bank account of $3,000 or $4,000. In a painstaking analysis of the evidence and by arguing the same in the light most favorable to plaintiff, her counsel arrives at a figure of $9,800 as defendant's annual income after the payment of taxes, upkeep of property and defendant's living expenses. This, it is shown, is substantially greater than defendant's net income in 1948 when the allowance was reduced to $40 per month. As defendant's counsel analyzes the testimony, their client has an assured income of some $800 per month and a potential income of several hundred dollars more. However, all but $300 of this income is from property upon which defendant has expended some $50,000 in improvements, which sum was borrowed from the separate funds of his present wife. She holds defendant's note for the amount, and while no time of payment is specified in it, an oral agreement exists under which the net rentals from the improved property are applied on the indebtedness. The fact of this indebtedness was not disputed. Neither is it questioned that the improvement made with the funds of the present Mrs. Wuest increased the rental

income to the present amounts from the previous $200 or $250 per month. The bona fides of the loan and the agreement for repayment are not questioned.

Plaintiff now owns a five-room house in which she lives, and also a vacant lot for which she paid $4,000. She has $7,800 invested at 7 per cent interest. She does not rent any rooms in her home which is worth approximately $7,000, she owns a good automobile, has $500 cash, and is not in want.

Pursuant to the direction of the court that the inquiry should be directed to the necessities of the plaintiff, the ability of the defendant to meet them and to any change in these conditions subsequent to the previous order, the parties were heard at length and the facts were explored in great detail.

█ It is scarcely necessary to say that since plaintiff's right to support has been established, she should be awarded from time to time such sums as are suitable to her needs and within the defendant's ability to meet them. █ Plaintiff has substantial resources at present. They have not been drawn upon to an appreciable extent, if at all. She should not be compelled to deplete them as long as defendant is able to supplement her income to an extent which will enable her to maintain her modest capital. The application of substantial amounts of income to the payment of a debt to his present wife is adding to defendant's resources. The order is a temporary one. The conditions by which the courts are guided in such matters are subject to change and changes in substantial respects are always taken into consideration. The necessities of plaintiff, as disclosed by the evidence, did not require the trial court to increase her allowance. As the parties are now situated, the denial of the application was not an invasion of plaintiff's right to support as we have defined it. Even if we were of the opinion that it would have been equally reasonable to grant some increase in the allowance we would not be justified in reversing the order upon that ground. The matter was thoroughly heard and considered and the order was well within the discretion of the trial court. We have only to decide whether there was a manifest abuse of discretion. (*Furniss* v. *Furniss*, 75 Cal.App.2d 138 [170 P.2d 486] ; 1 Cal.Jur. p. 1012.) We hold there was none. Neither was there error in rulings upon the admission of evidence.

The order is affirmed.

Wood (Parker), J., and Vallée, J., concurred.