[Civ. No. 22502. Second Dist., Div. One. Dec. 17, 1957.]

BLANCHE LOUISE COHEN, Respondent, v. LOUIS COHEN, Appellant.

Leo Shapiro, Roger Marchetti and Ben C. Cohen for Appellant.

Max Tendler and Herbert B. Schlosberg for Respondent.

DRAPEAU, J.*—Blanche Louise Cohen and Louis Cohen were married December 9, 1944. They separated after they had lived together for two months more than 10 years. They had no children.

Mrs. Cohen sued her husband for divorce, alleging grievous mental cruelty; he cross-complained for divorce upon the same ground.

The trial judge found that each of them had inflicted grievous mental cruelty upon the other, and granted each of them

---

*Assigned by Chairman of Judicial Council.

a divorce. (*De Burgh* v. *De Burgh*, 39 Cal.2d 858 [250 P.2d 598].)

The judge awarded the wife alimony at the rate of $125 a week for the first year, and after that $150 a week "until her death or remarriage." He awarded her attorney's fees in the amount of $6,000, and costs in the sum of $473.95; $600 to an appraiser; and $1,000 to a certified public accountant. The wife's attorney had theretofore been allowed $1,000 on the order to show cause. And the judge awarded the wife an old Chevrolet coupe which she had been using.

The wife does not appeal from the judgment.

The husband appeals from certain parts of it.

He is satisfied to have the divorce; but he doesn't want his wife to have alimony, counsel fees and costs as awarded, the appraiser's and accountant's fees, or the automobile.

He predicates his appeal upon the following issues:

1. That there is not substantial evidence to support the finding that he inflicted mental cruelty upon his wife.

2. That there is not sufficient corroborating evidence of her testimony.

3. That it was an abuse of discretion for the trial judge to allow his wife alimony, counsel fees and costs, and the appraiser's and accountant's fees. Finally he · says that the superior court was without jurisdiction to transfer title to the automobile to his wife.

Tried by rules well settled in this state, this court finds that there is sufficient substantial evidence in the record to support the finding of cruelty inflicted upon the wife by the husband. There is no need to go into an extended discussion of all of the evidence in the case. Counsel· have argued it extensively pro and con.

All that we have to do is to find *any* substantial evidence that will support the finding. ▮ And when two or more inferences can reasonably be deduced from the facts we may not substitute our deductions for those of the trial court. (*Primm* v. *Primm*, 46 Cal.2d 690, 694 [299 P.2d 231]; *Clewett* v. *Clewett*, 136 Cal.App.2d 913, 915 [289 P.2d 512].)

▮ Mr. Cohen called his wife on long distance telephone while she was visiting relatives in Kansas City, and told her that he had decided to live alone. "I'm going to look for an apartment Sunday."

A relative of the wife in Kansas City was listening on an extension telephone when he told her he didn't want to live

with her any more. She testified to the conversation. She also testified that it upset Mrs. Cohen very much; that she was semi-hysterical, and had to be put to bed, where she remained for some time. Therefore, the corroborating evidence is sufficient to support the judgment.

■ The allowances for alimony, counsel fees, costs, and charges of the appraiser and the accountant are not out of line, considering the financial situation of Mr. Cohen. He is a partner in an old established furniture business, worth at least $300,000. For years he has been drawing substantial sums from the partnership. In 1956 he took $22,527.75 from it. In an able memorandum of decision the trial judge states that during the marital years Mr. Cohen took $251,997.85 from the furniture business. (See *Primm* v. *Primm, supra,* 46 Cal.2d 690.) And while the wife lost her contention in the superior court that the community owned a part of the furniture business, she needed the assistance of the appraiser and of the accountant to present this matter to the court.

True, the wife has about $50,000 separate property of her own. But that fact does not in and of itself prove abuse of discretion of the trial judge in making the allowances complained of. (*Primm* v. *Primm, supra; Wuest* v. *Wuest,* 108 Cal.App.2d 111 [238 P.2d 109]; *Heck* v. *Heck,* 63 Cal.App.2d 470 [147 P.2d 110], see also p. 477 [147 P.2d 114].)

■ Mr. Cohen stresses the point that the automobile belongs to the partnership; that his interest in the partnership was separate property; and that the court was without jurisdiction to order the partnership to transfer title to it to his wife. In the record, however, is to be found testimony that he gave it to her for her birthday in 1953. The fact that title was registered in the furniture store does not compel reversal of that part of the judgment granting the automobile to the wife.

The judgment is affirmed.

White, P. J., and Fourt, J., concurred.

A petition for a rehearing was denied January 13, 1958.