[Civ. No. 24363. Second Dist., Div. Three. Oct. 17, 1960.]

LENORE KONTI MARXER, Appellant, v. WEBSTER
LEONARD MARXER, Respondent.

Youngblood & Gross for Appellant.

Don Marlin and Abe Mutchnik for Respondent.

VALLÉE, J.—Plaintiff wife has appealed from an order denying her application for an increase in the amount of support money awarded her by orders made subsequent to an interlocutory judgment of divorce.

The interlocutory judgment, entered May 16, 1950, awarded a divorce to plaintiff on the ground of extreme cruelty. It awarded to her community property valued at $61,000 as follows: the home valued at $29,000, furniture valued at $6,000, an automobile valued at $1,000, and $25,000 cash. The balance of the community property, valued at about $66,000, was awarded to defendant. The judgment awarded plaintiff $600 a month as alimony.

The parties had been married about 16 years at date of separation. Defendant is a doctor of medicine licensed in California. He had a gross income of $64,392.13 in the calendar year immediately preceding the filing of the action; plaintiff had no income.

By order entered May 14, 1951, on defendant's application, the alimony was reduced to $400 a month beginning June 1, 1951. The final judgment was entered on May 22, 1951.

On July 16, 1951, defendant again applied for a reduction of alimony, stating in his supporting affidavit he had joined in the formation of a clinic which would result in his receiving, pending retirement of amortized investments in the venture, $1,000 or less a month of which, after professional expenses, he would have only about $520 a month for personal expenses, including the support of two children in his custody. By order entered September 28, 1951, alimony was reduced to $125 a month beginning October 1, 1951, and further hearing of the matter was continued to March 14, 1952. By order of April 1, 1952, alimony was increased to $250 a month beginning April 1, 1952.

On July 23, 1952, defendant sought a third reduction in alimony on the ground his expenses exceeded his income. On October 9, 1952, the court denied any reduction.

On August 6, 1958, plaintiff applied for an increase of alimony to $600 a month. After numerous continuances, an order was made on May 29, 1959, denying her application for an increase. Plaintiff appeals from this order.

The reporter's transcript of the testimony, taken at the hearing leading to the order from which this appeal is taken, is before us. There is, however, no transcript of the testimony taken at the hearings of the prior applications for modification.

It appeared from plaintiff's testimony at the hearing in May 1959: that she is 49 years of age; she had undergone a hysterectomy in April 1957 in treatment for cancer; she tires easily and is not able to work full time; she is a licensed real estate broker, but has had almost no income therefrom since 1957; she owns a residence which she values at $35,000, furniture at $3,000, a second trust deed for $9,000 payable at $110.15 a month with 6 per cent interest, a savings account of $20,000 at interest, a small checking account, and a 1956 automobile; she had invested $6,500 in a highly speculative enterprise, probably of no value, and $1,030 in stock of unknown value. Her income for the year 1958 consisted of $1,289.82 in interest, $141.98 from other sources, and $3,000 in alimony from defendant, and she had a loss of $2,668.10 from her activities as a real estate broker.

Defendant testified he is 52 years of age and he receives $3,000 a month from the clinic. The controller of the clinic testified defendant received $38,516.76 from the clinic for the

year 1958 after all expenses of the clinic had been paid. Other evidence indicated defendant's gross income for 1958 was $40,188.04 and his business expenditures were $32,478, leaving about $7,700 net income after payment of alimony. The $7,700 was before payment of his personal expenses. His capital assets were shown to be about $85,000, of which $5,000 was the value placed on his interest in the clinic.

The court concluded that there was no material change in the circumstances of either plaintiff or defendant between April 1, 1952, and the date of the hearing. The contention of plaintiff is that the court abused its discretion. Her argument is that alimony was fixed at $250 a month in 1952 on the basis of defendant's sharply reduced income during the period of establishment of the medical clinic, that subsequently his income returned to and now exceeds its original level, and her needs remain substantially the same. Her theory is that she is entitled to the amount of the original alimony award under the doctrine of res judicata inasmuch as the status of the parties is again at the level it was at the time of the interlocutory judgment.

 As plaintiff states, a decree awarding alimony is conclusive as to the circumstances existing when it was entered (*Bradley* v. *Bradley,* 40 Cal.App. 638, 640 [181 P. 237]), and those "circumstances" include practically everything which has a legitimate bearing on present and prospective matters relating to the lives of both parties, referring to their needs and their abilities to meet them. (*Hall* v. *Hall,* 42 Cal.2d 435, 442 [267 P.2d 249].) A support award, however, does not have the finality of an ordinary judgment on a contract but is subject to reexamination by the court. (*Bratnober* v. *Bratnober,* 48 Cal.2d 259, 262 [309 P.2d 441].) It is only such facts as have arisen or become known to the parties since the entry of the order which may be made the basis for its modification. (*Bradley* v. *Bradley, supra,* 40 Cal.App. 638, 640.) Where decisions have been made on motions for modification subsequent to the original award, the most recent decision is conclusive as to the circumstances existing when it was made, and on a new motion for modification the question whether there has been a substantial change in the needs of the parties and their abilities to meet them is determined with respect to facts arising during the period commencing with the date of the most recent order and not with respect to the time since the original decree was entered. (*Disney* v. *Disney,*

121 Cal.App.2d 602, 613 [263 P.2d 865] ; *Grenall* v. *Grenall,* 169 Cal.App.2d 748, 752 [337 P.2d 896].)

■ Where the right of a divorced wife to support has been established, her right to be awarded from time to time such sums as are suitable to her needs and within the husband's ability to pay is unquestioned. (*Wuest* v. *Wuest,* 108 Cal.App.2d 111, 113 [238 P.2d 109].) The burden, however, is on her as the moving party to convince the trial court that circumstances have so changed as to justify a new order more favorable to her. (*Grenall* v. *Grenall,* 169 Cal.App.2d 748, 752 [337 P.2d 896].)

Plaintiff's contention necessarily assumes she has carried the burden of showing the needs of the parties and that their abilities to meet them are about the same as they were at the time of the interlocutory judgment. However, it is apparent the trial court did not find the circumstances of the parties to be as plaintiff asserts them to be. The question is simply whether the evidence supports the court's decision.

■ ''A substantial increase in the husband's income does not always require an increase in the amount of alimony or maintenance, since . . . other factors may justify a refusal to grant an increase.'' (18 A.L.R.2d 28.) ■ As alimony is based on the needs of both parties and their respective abilities to meet them, the needs of the husband as well as the amount of his income must be considered. Although a husband may have a comparatively large income, the standards of his profession may require the expenditure of large amounts in maintaining his position so that he may continue to earn that income.

■ Viewing the evidence most favorably in support of the court's action, as we must, we find that although defendant's gross income has substantially increased since 1952, his general expenses, including taxes, take the greater portion of it. We cannot say the balance remaining after payment of alimony to plaintiff is an inequitable amount for his own personal needs. We find no objection in the record to any of the expenses which defendant claimed were necessary over and above those which were paid by the clinic. Inasmuch as plaintiff contends her needs remained substantially the same, we need not discuss the evidence in that respect.

In view of all of the evidence, we cannot hold the facts are insufficient to support the order. ■ As this court said in *McKee* v. *McKee,* 108 Cal.App.2d 488, 490 [239 P.2d 37] : ''Adjustments of support money in such circumstances as meet

the parties before us is one of the most difficult and baffling problems which confront a trial judge. But it is his problem. Time and again it has been emphasized that a reviewing court does not have the discretion in such matters that is vested in the trial judge." The denial of an increase in alimony was not an abuse of discretion.

The order is affirmed.

Shinn, P. J., and Ford, J., concurred.