[Civ. No. 26673. Second Dist., Div. Three. Nov. 12, 1963.]

HELEN S. FRIEDMAN, Plaintiff and Appellant, v. NATHAN FRIEDMAN, Defendant and Respondent.

[3]The trial court found that the Woods received this ''portion of the plaintiffs' losses ....''

Rudolph Pacht for Plaintiff and Appellant.

N. E. Youngblood for Defendant and Respondent.

SHINN, P. J.—This appeal is from an order made March 7, 1962, reducing, on defendant's application, the amount of alimony awarded plaintiff in an interlocutory decree of divorce from $1,000 to $800 a month.

The record discloses that on May 20, 1960, an interlocutory decree of divorce was granted in favor of plaintiff in which she was awarded alimony in the sum of $1,000 a month during the lifetime of defendant and until plaintiff should remarry or die or until otherwise ordered by a court of competent jurisdiction. This amount had been agreed upon in a property settlement agreement which was approved by the court. On January 9, 1962, defendant served upon plaintiff an order to show cause why the amount of alimony awarded her should not be reduced to the sum of $500 per month. Thereafter, plaintiff served upon defendant an order to show cause why the amount of alimony awarded her should not be increased to $1,250 per month. Near the end of the hearing on the matter the trial court declared to plaintiff's counsel as follows: "THE COURT: Mr. Pacht, this evidence manifestly demonstrates the doctor's ability to meet whatever necessary the wife shows exists. MR. PACHT: All right. THE COURT: So to prove that he has perhaps substantially greater assets than has been heretofore presented will not go to our problem. MR. PACHT: Very well, your Honor. I am through then. ... THE COURT: Here is what the court's present impression is, and this will be the order unless you change my mind by argument. I had in mind reducing the monthly payment to $800 per month and requiring the Doctor to pay such fees as are necessary for the wife's appearing in this action. I concluded, and this is where it may lengthen the case—I concluded such an order as follows, or find such an order indicated for the following reasons: The wife's evidence does not show a necessity for her alleged $1,200 per month, and would not show that even though she were per-

mitted reasonable travel expenses. The $800 a month would permit it when you consider her income from her separate property, remembering that the husband is not required to pay for upkeep on her separate property as evidenced by the taxes on this apparently unimproved lot. Furthermore, the wife is here by court order reasonably secure as to the future, the maintenance of this amount o[r] its equivalent by way of insurance.''

After the hearing the trial court modified its previous order as indicated above to be effective from and after April 1, 1962.

Plaintiff urges that the trial court erred in reducing the amount of alimony awarded her in the interlocutory decree. The factual basis for defendant's application was the asserted increase in his expenses. The ground of plaintiff's appeal is, of course, a claim that the order appealed from amounted to an abuse of the court's judicial discretion. Upon the evidence presented to us in the record we must agree.

█ It is well established that the trial court is without authority to make an order reducing the amount of alimony awarded in an interlocutory decree of divorce in the absence of a showing that there has been a change of conditions subsequent to the entry of the interlocutory decree. (*Ralphs* v. *Ralphs*, 86 Cal.App.2d 324 [194 P.2d 592].) The reasons for the rule have been stated time and again.

█ The record before us discloses ample evidence to support the trial court's conclusion that defendant's asserted increased expenses were not such as would support the ordered reduction in alimony payments. Furthermore, a comparison of defendant's financial statements, offered into evidence, for the year immediately preceding the interlocutory decree, 1959, and the year immediately preceding the hearing date, 1961, discloses an increase in annual net income from $48,245.74 to $57,126.00. Defendant was a dentist who specialized in periodontia and was by his own admission at the ''peak of my earning power'' at the time of the hearing.

Mrs. Friedman, on the other hand, was a woman 59 years of age who, at the time of the hearing, was unemployed, had no prospect of employment, and had separated from her husband after 19 years of marriage. The only change in circumstances based on the needs of Mrs. Friedman since the entry of the interlocutory decree was the fact that her estate produced income in the amount of $259.83 per month. Approximately half of this sum for the year 1961 resulted from a sale

of 500 shares of stock, which, of course, was a nonrecurring source of income.

Clearly, at the time of the original decree which incorporated the property settlement agreement, including the stipulated award of alimony, it was contemplated that plaintiff, who was without prospect of employment, might receive income from the income-producing property decreed to her and that she might sell the 500 shares of stock. These circumstances being implied in the original award, their fulfillment will not be readily construed to plaintiff's disadvantage. (See *Goldring* v. *Goldring*, 94 Cal.App.2d 643, 650 [211 P.2d 342].) However, the evidence with respect to the income of plaintiff was relevant only to her application for increased support.

The orders to show cause presented two issues, namely, whether the increased expenses of defendant warranted a reduction in the amount he was paying for support, and, whether the increased expenses of plaintiff called for an increase in the amount. When these issues had been dcided, as they were, nothing remained for decision. There was no issue whether plaintiff was receiving more than was reasonably necessary for her support.

When evidence had been received with respect to plaintiff's necessities and defendant's ability to pay, the court proceeded to try the support issue de novo. By its order the court, in effect, determined not only that plaintiff had been awarded an excessive amount by the decree, but also that the property settlement agreement, itself, should be modified.

Each party was relying upon changed circumstances; the court found there had been no material change with respect to either party, and having so found was bound to give effect to the decree.

It is a necessary conclusion that it was an abuse of discretion to modify the original award by reducing the amount of the support payments.

Plaintiff does not appeal from the portion of the order which denies her application for an increase in the amount of money for her support.

The portion of the order appealed from is reversed.

Ford, J., and Files, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied January 7, 1964. Schauer, J., and McComb, J., were of the opinion that the petition should be granted.