[Civ. No. 30782.   Second Dist., Div. Four.   Jan. 15, 1968.]

ESTHER ENGELBERG, Plaintiff and Appellant, v. HYMAN ENGELBERG, Defendant and Respondent.

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

822

Charles J. Katz and Louis C. Hoyt for Plaintiff and Appellant.

White & Wulliger and Milton N. White for Defendant and Respondent.

KINGSLEY, J.—Plaintiff appeals from an order granting defendant a reduction in alimony payments. We reverse the order.

Plaintiff and defendant were married on December 21, 1933, and were separated on May 5, 1962—approximately twenty-eight and one-half years. On June 11, 1964,[1] plaintiff was granted an interlocutory decree of divorce which, after a division of the property assets and making provision for the payment of debts, awarded her alimony at the rate of $2,300 per month through 1968 and at the rate of $1,750 there-

---

[1] The decree originally was entered on January 16, 1964. Thereafter further proceedings were held which resulted in a revised decree entered in June 1964. So far as the present appeal is concerned, of course, it is the ultimate decree which is involved.

after. On November 16, 1964, defendant instituted proceedings for modification of the alimony award. The matter was heard by Judge Gitelson during December 1964. On January 8, 1965, he denied the motion on the stated ground that "there has been no change of circumstances which would allow the Court to grant the Order to Show (sic) re reduction in alimony." No appeal was taken from that order and it has long since become final. Thereafter, on July 7, 1965, defendant renewed his attempt to secure a reduction in alimony. After a hearing before Judge Scott, the motion was granted by an order filed December 21, 1965, and the alimony was reduced from $2,300 per month to $1,150 per month through 1968, and from $1,750 per month to $875 per month thereafter.

At the hearing before Judge Gitelson, defendant had relied on medical testimony that he was suffering from an eye condition called central angiospastic retinopathy. This is a disease of the eye resulting in a spasm or a constriction of the blood vessels that serve an area of the retina called the macula. The evidence showed that he had been treated for this disease as early as December 1963, that it had recurred thereafter and that he had again been treated in 1964. Various drugs had been used to little avail, but rest periods from office routine had led to some symptom-free periods. The treating physician had advised defendant that permanent damage to the eye might develop and had ordered additional rest periods and a lighter work load.

At the hearing before Judge Scott, resulting in the order herein appealed from, the testimony was that the eye condition had become worse and that there was, by that time, the permanent damage which had been feared at the former hearing. The testimony was that this permanency had been established during the intervening few months. There was also medical testimony that the same physical problems which led to the eye damage could also result in a stroke and that such a stroke might be fatal. The attending physician had again recommended a 50 percent reduction in work load. The record does not disclose that, as of the date of the last hearing, the eye condition had, in fact, affected either defendant's income or his physical stamina.

■ An order modifying an award of alimony may not validly be made unless conditions have changed since the time of entry of the original award. (*Bratnober* v. *Bratnober* (1957) 48 Cal.2d 259 [309 P.2d 441]; *Molema* v. *Molema* (1930) 103 Cal.App. 79 [283 P. 956].) ■ Where, as here,

there had been earlier proceedings seeking a modification of the original award, the order made in such modification proceeding, once it has become final, is the "award" within that rule and, in any later modification proceeding, the evidence must show a material change of circumstances subsequent to the last prior order. (*Evans* v. *Evans* (1960) 185 Cal.App.2d 566, 570-571 [8 Cal.Rptr. 412].)

The sole issue before us is whether or not that requirement has been met in this case. If the record does show a significant change of circumstance, we should affirm the order of modification, since the question of the extent of the change and the effect on the award are largely for the trial court. (*Schraier* v. *Schraier* (1958) 163 Cal.App.2d 587, 589 [329 P.2d 544]; *Wilson* v. *Wilson* (1951) 104 Cal.App.2d 167, 170 [231 P.2d 128].) But if the record does not show any significant change at all, it is reversible error to grant a modification. (*Molema* v. *Molema, supra,* 103 Cal.App. 79.)

Defendant has argued the case as if the controlling factor was the change in the condition of his eye in the interim between Judge Gitelson's order in January of 1965 and the hearing before Judge Scott in December of that same year. If that were the issue before us, we would affirm the modification. When Judge Gitelson heard the case, permanent damage to the eye was only a possibility; it had not occurred and, if defendant followed his doctor's advice, might never occur. But by December the possibility had become a reality—the damage was then permanent.

But it is not every changed circumstance that will support a modification of alimony. The change must be one which affects the economic situation of the parties, since it is the economic relation which is to be affected by the proposed modification. The record before us shows no change in that regard. It is true that we are, again, told that the defendant's physical condition might (but need not necessarily) lead to a stroke or other serious harm; but, as with the January prognosis of eye damage, this was, in December, merely a possibility which had not, and might not, occur. The only other evidence was that, if defendant did follow his doctor's advice to reduce further his time spent on his own practice, his income might thereby be reduced. We can find no evidence that defendant will, in fact, make this further reduction and, as of the time of hearing, he admitted that he had not done so and that his income had not changed materially from that at the start of the year. Defendant may,

in the future, be entitled to a reduction in his alimony payments; on this record he has not shown that he is entitled to such relief now.[2]

The order is reversed.

Files, P. J., and Jefferson, J., concurred.

---

[2] "But the power to make such orders must be held to be limited to the conditions and circumstances existing at the time they are made. The court cannot then anticipate what may possibly thereafter happen, and provide for the future contingencies." (*Schammel* v. *Schammel* (1894) 105 Cal. 258, 261 [38 P. 729].)