[Civ. No. 47687. Second Dist., Div. Five. Apr. 30, 1976.]

In re the Marriage of SHIRLEY ANN and
LEON BRONSON HENTZ.
SHIRLEY ANN HENTZ, Respondent, v.
LEON BRONSON HENTZ, Appellant.

## COUNSEL

McDaniel & Plotkin and James H. McDaniel for Appellant.

Dorothy Powell Goldberg for Respondent.

## OPINION

**HASTINGS, J.**—Leon Bronson Hentz (husband) appeals from an order denying his motion to modify spousal support for Shirley Ann Hentz (wife). The parties had been married for more than 22 years. They entered into a marital settlement agreement (agreement) soon after their separation. One of the paragraphs of the agreement provided as follows: "We agree that LEON, in fulfillment of his statutory obligation that arises from our marital relationship, shall pay to SHIRLEY, for her support and maintenance, the amount of $75.00 per month, payable on the 8th day of each month, starting on the 8th day of June, 1971, and continuing until LEON dies or SHIRLEY remarries." This paragraph, with modification of the commencement date, was incorporated into the interlocutory judgment of dissolution of marriage.

On November 21, 1974, husband filed an order to show cause re modification to terminate spousal support. At the ensuing hearing, appellant argued that, inasmuch as the interlocutory decree was "stipulated," the "change of circumstances" rule should not apply. The court's minute order states: "The Court specifically finds that there has been no change of circumstances on behalf of the respondent [husband]. The Court finds that a change of circumstances must be found by the Court in order to modify a prior order."

■ The issue on appeal is whether there must be a showing of "changed circumstances" to modify an order for payment of spousal support which was entered pursuant to an agreement of the parties. This case does not raise any issue regarding support payments based on an integrated property settlement agreement, as the support provision was expressly made severable.

Husband claims it is an issue of first impression; however, there are California cases that have made reference to the problem. The most significant is *Bratnober* v. *Bratnober*, 48 Cal.2d 259 [309 P.2d 441], where the parties in a contested divorce action, after conference with the judge in chambers, orally agreed that husband would pay $50 per month for the support of wife. Later, upon changed circumstances, husband was successful in a modification hearing. Wife appealed and our Supreme Court explained the rationale behind the rule requiring changed circumstances. On page 261 it stated: "Since it 'would be incongruous to allow an appealable order to become final and yet to concede the power of a court at a later date, upon the same state of facts, to issue an order nullifying it' (*Snyder* v. *Snyder*, 219 Cal. 80, 81 [25 P.2d 403]), it is generally held that the 'trial court is without authority to make an order reducing the amount of alimony [or support payments] awarded in an interlocutory [or final] decree of divorce in the absence of a showing that there has been a change in conditions subsequent to the entry of [such] decree.' (*Ralphs* v. *Ralphs*, 86 Cal.App.2d 324, 325 [194 P.2d 592].)"[1]

There is, in addition to *Bratnober's* reasoning, a further rationale for a rule that is the same for stipulated and litigated spousal support awards. The court, by including the stipulation in its own decree, presumes that the parties arrived at a fair support award, after arm's-length negotiations, that took into consideration all of the circumstances as they then existed. The court thereafter should not permit a party to change this contractual arrangement, absent changed circumstances, as it would allow a party to repudiate and change a legal contract for no reason at all. Because marital support provisions in property settlement agreements are modifiable by law (see Civ. Code, § 4811; *Tilghman* v. *Superior Court*, 40 Cal.App.3d 599 [115 Cal.Rptr. 195]), it is necessary to

---

[1] Reference to a stipulated agreement is also found in *Hester* v. *Hester*, 2 Cal.App.3d 1091 [82 Cal.Rptr. 811].

give some legal protection to the original agreement, otherwise it is meaningless. The "changed circumstance" rule provides this protection.[2]

The judgment is affirmed.

Kaus, P. J., and Stephens, J., concurred.

A petition for a rehearing was denied May 21, 1976.

---

[2]Husband further claimed that the stipulation should be suspect as an "arm's-length" transaction because he was not represented by counsel. This, however, is not a challenge of the rule in issue. This concept is a direct attack on the legality of the agreement and must be pleaded and tried under other established legal principles.