[Civ. No. 26587. Second Dist., Div. Three. Aug. 21, 1963.]

SHIRLEY LEVIE, Plaintiff and Appellant, v. GERALD J. LEVIE, Defendant and Respondent.

David Hoffman and Marshall H. Sevin for Plaintiff and Appellant.

Levie & Burkow, Burton Marks and Carl Burkow for Defendant and Respondent.

SHINN, P. J. The present appeal is from an order denying the application of plaintiff Shirley Levie for an increase in the amount awarded her for support of herself and two minor children by decree of divorce in 1954. The factual basis for the application was the asserted increase in the necessities of plaintiff and the children and the ability of defendant to pay increased support, due to his larger earnings and financial worth. The ground of the appeal is, of necessity, a claim that the order appealed from amounted to abuse of the court's judicial discretion. We cannot agree with this contention. Defendant also made application for a reduction of the payments imposed upon him by the decree. His application was denied and he has not appealed.

The interlocutory judgment was entered July 30, 1954; it awarded plaintiff a decree of divorce, directed a sale of a parcel of real property, with each party to receive one-half the proceeds, divided the personal property, of no great value, and awarded plaintiff $400 per month for the support of herself and $100 per month for each of the minor children, aged 1 and 2 years, respectively. From the sale of the property plaintiff received some $9,000 of which she retained at the time of the latest hearing $4,400. In 1955 plaintiff applied for increased support for herself and the children, which application was denied. Plaintiff's application filed February 16, 1962, sought $600 per month for her support and $200 per month for each of the children. Plaintiff represented that the minimum amount required for the support of herself and the children was $761 per month. At the time of the divorce defendant's income from his law practice was $13,000 per year, and it had not been increased at the time of the 1955 hearing. In the meantime defendant had remarried and his living expenses had largely increased.

There was received in evidence a copy of a financial statement defendant furnished the Bank of America January 10, 1962, listing assets of the stated value of $267,000, which in-

cluded securities and receivables in excess of $100,000, real estate $115,000, furniture and personal effects $25,000, and an art collection of $10,000, and it stated defendant's net cash income to be $40,800 per year. Defendant took title to a residential lot on Rising Glen Road and using $30,000 of his own funds, constructed a house on it, purchased an adjoining lot and sold the entire property, with furniture included, for $150,000. He purchased the house in which he was residing for $90,000. Of this amount his mother-in-law contributed $20,000. Upon this property he had financed and was constructing a second residence at a cost of about $100,-000. He testified that his net income, after deducting $5,000 payable annually to plaintiff, was $16,000. He could not state approximately his gross income for the year 1961. He has two children by his second wife and his monthly expenses and payments were $2,055.

Defendant was asked which was the correct amount of his net income, $40,800 or $16,000, and he answered that both figures were correct. From the $40,800 there should be deducted $7,200 a year as the amount of his payments to plaintiff, also $3,500 per year which he was paying as interest, doctor bills of $5,500, a property tax of $2,500 and $7,500 a year as income taxes. These figures were for the year 1960; he understood that in his financial statement he was expected only to state the amount of income which he expected to receive during the forthcoming year and he also testified that corporate stock which he had listed in his bank statement at $25,000 belonged to his mother-in-law who had loaned it to him to use in his financial statement. He owns two cars upon which he owes $1,300 and his car payments amount to approximately $215 per month. He is paying $640 a month on a loan of $110,000 borrowed from Empire Savings and Loan for use in constructing the new house. He expects the payments to increase to $750 per month. The foregoing is substantially all the evidence introduced at the hearing. The conclusions which the court had tentatively reached were stated in the course of argument. The court expressed itself as skeptical of the accuracy of defendant's statement of his financial worth of $267,000 and of the income represented therein to be $40,800 a year. It is noted that in that statement no mention was made of existing liabilities. The property upon which the $100,000 house is being built will have an encumbrance in the amount of the balance unpaid upon the $110,000 loan. The evidence with

respect to defendant's income was vague and inconclusive, being based upon his recollection of his income for the year 1960. The court was convinced, however, that defendant could well afford to continue to pay plaintiff the $600 per month but was not convinced that plaintiff's necessities were as great as she had estimated at a total of approximately $761 per month.

It is not within our duty or power as a reviewing court to place ourselves in the position of the trial court and to reach independent factual conclusions with respect to the matters that were submitted to that court, and we must presume that in weighing the conflicting evidence, in deciding the factual issues, the conclusions of the court were those which would give support to the order that was made. It was not unreasonable for the court to determine that the amounts being paid by defendant for the support of the plaintiff and the children were presently adequate, and within the reasonable ability of the defendant to pay. In view of the court's implied finding that plaintiff and the children are being adequately supported, the fact, if it had been found to be the fact, that defendant was able to pay a greater amount would not, of itself, have required the court, in its discretion, to increase the amount. It is clear that plaintiff has failed to present a record to this court which would justify a reversal of the order upon the ground that the court's order was so unfair and inequitable as to exhibit a want of sound judgment or, in other words, that it amounted to an abuse of discretion. (*Primm* v. *Primm,* 46 Cal.2d 690 [299 P.2d 231].)

The order is affirmed.

Ford, J., and Files, J., concurred.