[Civ. No. 33737.  Second Dist., Div. Five.  Jan. 27, 1970.]

DOROTHY L. CUSHING, Plaintiff and Appellant, v.
ROBERT M. CUSHING, Defendant and Respondent.

**COUNSEL**

Bolton & Moore and John C. Moore for Plaintiff and Appellant.

Marshall H. Sevin for Defendant and Respondent.

**OPINION**

**STEPHENS, J.**—The appeal is from an order modifying child support and terminating alimony. Mr. Cushing petitioned for an order to show cause, requesting modification of child support and alimony. Mrs. Cushing filed a like petition, and the two were heard and determined in the same hearing. The appeal is from that portion of the order made on May 14, 1968 in favor of Mr. Cushing and against Mrs. Cushing, which order modifies the interlocutory judgment and final judgment as follows: "The Court finds that [Mrs. Cushing] is capable of supporting herself and that she now has $312 per month take-home pay, plus interest income of $48 per month, whereas she had no earnings at time of the hearing in August, 1967. . . . The interlocutory Decree of Divorce, entered November 18, 1953 and the Final Decree are modified as follows: Alimony or support for [Mrs. Cushing] is terminated, and that [Mr. Cushing] shall not be obligated to pay any further alimony or support to [Mrs. Cushing] after making the payment due on May 19, 1968. . . ."

The facts are that on November 16, 1953, Mrs. Cushing was awarded an

interlocutory judgment of divorce from Mr. Cushing. Among other things, that judgment provided that Mr. Cushing should pay Mrs. Cushing the sum of $150 per month as alimony until Mrs. Cushing died, remarried, or until the death of Mr. Cushing, or until further order of the court.

On August 4, 1967, a hearing was had on a petition for an order to show cause filed by Mr. Cushing requesting modification of alimony and child support and on a counter petition filed by Mrs. Cushing. It was determined by the court that there was an insufficient basis for reducing the alimony or child support, and that there was no substantial change of circumstances to justify Mrs. Cushing's request for an increase in child support.

Approximately nine months later, Mr. Cushing filed the petition for an order to show cause herein involved and Mrs. Cushing filed her counter petition. The hearing on these petitions established that on August 4, 1967:

(1) Mr. Cushing was under medical care, and income had been reduced to $80 per week for six months commencing August 5, 1967.

(2) Mr. Cushing's take-home pay was $320 per month plus additional income of $147.15 per month.

(3) Mr. Cushing's living expenses were $680 per month.

(4) Mr. Cushing's present wife was ill.

(5) Mrs. Cushing had no income.

(6) Mrs. Cushing's living expenses were $561 per month.

(7) Mrs. Cushing had a net worth of approximately $14,000.

On this evidence the court held that there was insufficient basis to change the existing order for support and alimony.

The May 14, 1968 hearing established:

(1) Mrs. Cushing was employed and earning $312 per month.

(2) Mrs. Cushing had $11,600 in a savings and loan association, this being a reduction of her "net worth" as declared by her in August 1967. (The court concluded that this amount provided $48 monthly interest income, which would be interest at an approximate rate of 5 percent.)

(3) Mrs. Cushing's living expenses had risen to $623 per month.

(4) Mr. Cushing's earnings had risen to $890 per month, and for the year 1967 totaled $8,200 plus $100 per month transportation expenses.

(5) Mr. Cushing received divided income of $140 per month.

(6) Mr. Cushing's living expenses had risen to $775 per month.

Mrs. Cushing now argues that that portion of the order appealed from should be reversed because there was insufficient change in the circumstances of the parties to justify the court in terminating her alimony.

She urges that the prior application was res judicata as to matters passed on at that time and at the second hearing the court could not sit as a court of review on its own prior decree. Conceding that the only substantial change in circumstances of the parties was the income producing employment of Mrs. Cushing and an increase in income by Mr. Cushing, her employment and the passage of time, 13½ years from time of divorce and nine months from the previous hearing, cannot be said as a matter of law to be an insufficient change in circumstances to justify the termination of alimony. The fact that Mr. Cushing was in a better financial condition does not militate against the change. The case of *Goldring* v. *Goldring,* 94 Cal.App.2d 643 [211 P.2d 342] is cited by Mrs. Cushing as authority for the proposition that change in the wife's position due to her gainful employment is alone insufficient to support alimony reduction or termination. That case is not determinative of the instant problem for, conceding the premise urged by Mrs. Cushing, there are here other factors present. In *Goldring,* the support order was but ten months old at time of change; here it was 13½ years. In *Goldring,* the court support order coincided with the amount contracted for in a property settlement agreement and the wife's employment was clearly contemplated under the initial decree; there does not appear to be such a "clear" showing in the instant case. In *Goldring,* the appellant sought unsuccessfully to reverse the court's conclusion that the change of circumstances to which he testified required modification as a matter of law; here the shoe is on the other foot.

Mrs. Cushing argues that the finding of $48 per month interest income is without evidentiary support. The court reasonably deduced that a savings and loan association in which Mrs. Cushing kept her $11,600 would pay the 5 percent interest current in that industry. This corresponds to the $48 per month finding and is therefore supported in the record.

The order is supported by the evidence of changed circumstances, and we may not argue with the discretionary ruling of the trial court. (*Levie* v. *Levie,* 219 Cal.App.2d 500 [33 Cal.Rptr. 202].)

The order is affirmed.

Kaus, P.J., and Reppy, J., concurred.