[Civ. No. 45676. Second Dist., Div. Four. Sept. 2, 1975.]

In re the Marriage of NANCY L. and JAMES N. WILSON.
NANCY L. WILSON, Appellant, v.
JAMES N. WILSON, Respondent.

## COUNSEL

Jeremiah Casselman for Appellant.

Cummins, White & Breidenbach, Lawrence W. Crispo and James S. Van Dam for Respondent.

## OPINION

DUNN, J.—On March 3, 1958, the superior court entered an interlocutory judgment of divorce between Nancy and James Wilson. Its judgment recited, among other things, that defendant James' answer to Nancy's complaint had been withdrawn and the matter would be heard as a default, that James must make monthly support payments to Nancy in a certain amount and that a property settlement agreement was "approved." Pursuant to an order to show cause, filed by James in April 1974, the trial court in a minute order dated 21 August 74, modified the support provision by termination. It is from this order[1] that Nancy appeals.

---

[1]The minute order reads: "RULING ON SUBMITTED MATTER. In this matter, heretofore deemed submitted August 5, 1974, the Court rules as follows: [¶] The Interlocutory Judgment of Divorce entered herein March 3, 1958, Book 3453, Page 037 is

The "Decision and Order" mentioned in the minute order, recites that James is able to continue making payments but that he argues the passage of time is, alone, sufficient to justify termination. Citing *Cushing* v. *Cushing* (1970) 3 Cal.App.3d 882 [84 Cal.Rptr. 76] in the body of its "Decision and Order," the court concluded by saying: "Hence, the court believes espousal support must be terminated. First, on the basis time is sufficient reason alone to constitute the requisite change of circumstances; and, secondly, there are sufficient facts, such as the former wife's living with another man, as to constitute just ground for termination, when coupled with the time element." The "Decision and Order" pointed out that the parties married October 21, 1949, and separated after seven years, three months.

Although each litigant argues for or against the proposition that the property settlement agreement is an "integrated" one (see: *Plumer* v. *Plumer* (1957) 48 Cal.2d 820, 824 [313 P.2d 549]), we deem such a determination here to be irrelevant, since the property settlement agreement provides, in part, that ". . . said support amounts are subject to modification . . . by any court having jurisdiction, in the event of changed circumstances of the parties." Although the wife, in this court, argues that the trial court had no jurisdiction, we note that in her trial brief in the trial court the wife stated, in part: "Petitioner does not dispute here that the court has . . . the jurisdiction to entertain an action for modification of the spousal support award and the right to actually modify it." ■ We conclude that the trial court had jurisdiction but ruled erroneously and, accordingly, we reverse.

We conclude that *Cushing* v. *Cushing, supra,* 3 Cal.App.3d 882, does, indeed, support the trial court in part. In that case, alimony was terminated on a showing that Mrs. Cushing was employed and earned a take-home pay of $312 per month, *plus* the passage of time (13½ years; here, 16 years). In our case, there was a showing that petitioner wife was employed as a medical records clerk in a hospital and earned a gross pay of $450 per month. (Here, also, testimony at the hearing of the order to show cause established that wife had lived with another man for approximately four years but that he had died.)

While we do not consider the fact that petitioner lived with another man as relevant to our decision, we do conclude the fact that the wife was working was relevant.

---

modified as follows: Any and all support heretofore ordered paid to plaintiff (petitioner) is ordered terminated forthwith. The Court's Decision and Order is signed and filed this date."

However, the mere passage of time, alone, in our view does not operate to relieve a husband of his obligation under the original support decree.[2] Indeed, the Family Law Act (Civ. Code, § 4801, subd. (a)), adopted in 1969, provides that " . . . the court may order a party to pay for the support of the other party any amount, and *for such period of time,* as the court may deem just and reasonable . . . ." (Italics added.) In its interlocutory decree of 1958, the court concluded that husband should pay to wife indefinitely, ". . . but that said payments shall cease upon the death of defendant or the death or remarriage of plaintiff." The Legislature has not seen fit to permit modification of a support order by changed circumstances based upon the mere passage of time, despite the trial court's conclusion that it should so modify and that to require a husband, after a comparatively short marriage, to continue support payments would be unfair and unjust.

Coupled with the wife's testimony that she was employed, there was sufficient basis upon which to modify the support provisions of the decree. Here, however, the trial court terminated support without specifying that it relied, in part, upon the fact the wife was employed, without determining whether her earnings were adequate and without retaining any jurisdiction (even by requiring the payment of $1.00 per year), to modify the award upwards on wife's petition, in event her age or other change in circumstances merited the same.[3]

For the reasons expressed we reverse the order.

Kingsley, J., concurred.

**FILES, P. J.,** Dissenting.—I would affirm the order. The record contains substantial evidence of changed circumstances, and I do not join in the assumption that the trial judge did not fairly consider all of it.

A petition for a rehearing was denied September 18, 1975. Files, J., was of the opinion that the petition should be granted. Respondent's petition for a hearing by the Supreme Court was denied October 30, 1975.

---

[2]Of course, with the passage of time, various changed circumstances may occur: children may grow up, freeing a mother from duties of care and discipline; the wife may become self-supporting, or may become more dependent, etc. These changes may justify, or even require, modification, but it is the change in circumstances and not the mere passage of time that is material.

[3]See, e.g., In re *Marriage of Kuppinger* (1975) 48 Cal.App.3d 628, 638-639 [120 Cal.Rptr. 654].