[Civ. No. 45853. Second Dist., Div. Five. Oct. 8, 1975.]

MARION ROSE EDWARDS, Plaintiff and Respondent, v.
HAL EDWARDS, Defendant and Appellant.

## COUNSEL

Simon Taub for Defendant and Appellant.

Elstein, Spector, Richland & Buter and Irwin Buter for Plaintiff and Respondent.

## OPINION

**ASHBY, J.**—Husband appeals from an order denying his motion to terminate spousal support for Wife. The parties were divorced in 1955 after a marriage of between eight and nine years. At the time of the interlocutory judgment of divorce Husband was ordered to pay Wife $42 per week spousal support, and child support of $12.50 per week for each

of the three children. Spousal and child support were modified in 1967. Spousal support was reduced to $120 per month. Child support for one son was terminated; support for the other son was reduced to $60 per month; and support for the youngest child, a daughter, was increased to $120 per month. The record does not include a reporter's transcript of the 1967 proceedings, but the alleged changes of circumstance were that Wife had become employed, one son had become employed and the other was attending college with Husband's support. Husband remarried after the divorce and had a child by the new marriage.

In March 1974 Husband filed the instant petition to terminate spousal support. The evidence indicates that the two sons are now 26 and 24, married and self-supporting. Husband supported one of them through college and the other through one year of college. The daughter is 21 and attends junior college. Husband pays her $216 a month plus clothing, tuition and books. Wife is 46 years old, and works as a sales clerk in a jewelry store where she earns $602 per month gross, and $460 per month net. Her needs are $715 per month. She has worked, mostly part time, for seven to eight years except when she was ill. For eight months in 1972 she did not work and collected disability for osteoarthritis. For eight months in 1973 she did not work and collected disability for high blood pressure. She is still under a doctor's care for arthritis and high blood pressure.

Husband owns his own business and sets his own salary at $36,000 per year. In his declaration Husband stated: "I have been paying the spousal support for eighteen (18) years after a marriage of about half of that length. . . . [¶] The petitioner is employed and has been employed for a long time. I feel that I have more than paid my dues and wish that support to the petitioner be terminated. This request is not based upon my inability to pay but upon the petitioner's lack of need and the length of time." The trial court denied Husband's request.

## DISCUSSION

Husband contends that the trial court abused its discretion in refusing to terminate spousal support. Although conceding his ability to pay, Husband argues that 18 years is long enough for him to pay spousal support for a marriage that was itself only half that length. There is no merit to this contention.

Husband points out that the children are grown, and that under Civil Code section 4801, the duration of the marriage and the ability of the

supported spouse to engage in gainful employment without interfering with the interests of the children are circumstances to be considered. ■ However, the ability of Wife to engage in gainful employment sufficient to meet her reasonable needs of support was not shown by Husband. In both 1972 and 1973 Wife was off work for eight months due to disabilities for which she is still under a doctor's care. Even though employed full time at the time of trial, she grossed only $602 per month, and netted only $460 per month. Husband presented no evidence controverting Wife's declaration that her reasonable needs were $715 per month. ■ The reasonable needs of a wife commensurate with her station in life are a circumstance the court should consider in determining a just and reasonable amount of her support. (Civ. Code, § 4801; *In re Marriage of Kuppinger,* 48 Cal.App.3d 628, 633-634 [120 Cal.Rptr. 654]; *In re Marriage of Siegel,* 26 Cal.App.3d 88, 92 [102 Cal.Rptr. 613].)

The fact that Husband has paid spousal support for 18 years would not itself justify termination. Of course, with the passage of time, changed circumstances may occur, but it is the change in circumstances and not the mere passage of time which is material. (See *In re Marriage of Wilson,* 51 Cal.App.3d 116, [123 Cal.Rptr. 887].) ■ We know of no policy which requires the period of spousal support to bear any particular proportion to the length of the marriage. A material change of circumstance since the last prior order is required for any modification of support. (*In re Marriage of Kuppinger, supra,* 48 Cal.App.3d 628, 633; *Philbin* v. *Philbin,* 19 Cal.App.3d 115, 119 [96 Cal.Rptr. 408]; *Hester* v. *Hester,* 2 Cal.App.3d 1091, 1095 [82 Cal.Rptr. 811]; *Engelberg* v. *Engelberg,* 257 Cal.App.2d 821, 823-824 [65 Cal.Rptr. 269].)

■ The determination whether the circumstances justify modification of the previous order rests primarily in the discretion of the trial court, whose decision will not be disturbed on appeal if there is substantial evidence to support it. (*Dean* v. *Dean,* 59 Cal.2d 655, 657 [31 Cal.Rptr. 64, 381 P.2d 944]; *Double* v. *Double,* 248 Cal.App.2d 650, 652 [56 Cal.Rptr. 687]; *Philbin* v. *Philbin, supra,* 19 Cal.App.3d 115, 119.) ■ We find no abuse of discretion in the trial court's decision to refuse to terminate spousal support.

The order is affirmed.

Stephens, Acting P. J., and Hastings, J., concurred.

A petition for a rehearing was denied November 3, 1975.