[No. D002863. Fourth Dist., Div. One. Feb. 27, 1986.]

In re the Marriage of RUTH MAXINE and
BENJAMIN M.B. CROBARGER.
RUTH MAXINE CROBARGER, Respondent, v.
BENJAMIN M.B. CROBARGER, Appellant.

## COUNSEL

Robert J. Baumer and Baumer & Groves for Appellant.

Robert E. Madruga and Hammett, Madruga & Whitson for Respondent.

## OPINION

**MITCHELL, J.**\*—Benjamin M. B. Crobarger appeals an order (1) failing to terminate spousal support to Ruth Maxine Crobarger, (2) modifying spousal support, and (3) ordering payment of arrearages and attorney's fees.

### FACTS

On July 20, 1972, the court ordered Benjamin to pay spousal support to Ruth in the sum of $600 per month. The marriage was of 24 years in duration. Benjamin was employed in the merchant marine and Ruth was a homemaker. On December 6, 1984, Ruth filed her notice of motion for wage assignment and arrearages. On January 18, 1985, Benjamin filed his order to show cause and request for termination of the existing spousal support order. After hearing, the court ordered Benjamin to pay all arrearages ($2,400) at the rate of $200 per month for 12 months, and to pay Ruth's attorney's fees in the amount of $400. The court also modified the preexisting support order to a monthly payment to Ruth of $400.

---

\*Assigned by the Chairperson of the Judicial Council.

Benjamin, now age 66 and retired, had a net monthly income of $1,322.72 in 1972, and presently receives net retirement income of $1,468.70 per month. He claims he is not physically capable of returning to his previous employment. Ruth, age 61, is employed as a food preparer, has a net monthly income of $609.41, and anticipates no income after retirement other than social security. Benjamin claims savings of approximately $5,000. Ruth retains and resides in the former family residence. Both parties claim monthly expenses in excess of income.

## Discussion

The issues on appeal are whether the trial court abused its discretion in failing to terminate the existing spousal support order and by further ordering Benjamin to pay Ruth's attorney's fees. Benjamin failed to discuss the issue of arrearages on appeal and we will assume the issue has been abandoned. We conclude there was no abuse of discretion.

■ As to attorney's fees, in bringing the motion Ruth was attempting to enforce an existing order for spousal support and to obtain the arrearages owed. Civil Code[1] section 4370, subdivision (d), requires that unless good cause to the contrary is found, the court, upon determining the supporting spouse has the ability to pay, to award reasonable attorney's fees to a supported spouse where such spouse is enforcing an existing order for spousal support.

We conclude the trial court, in finding the amount of $400 to be reasonable attorney's fees to prepare for and attend a contested hearing in order to secure an order for $2,400 in arrearages, did not abuse its discretion. Further, the finding Benjamin had the ability to pay with a net monthly income of $1,468.70 and an additional reduction of expenses of $200 per month by reason of the modification of the spousal support order, was well within the trial court's discretion.

■ As to the court's failure to terminate the spousal support payment to Ruth, Benjamin cites *Hall* v. *Hall* (1954) 42 Cal.2d 435 [267 P.2d 249]. In *Hall,* the court reversed the trial court's award of spousal support payable to the wife in the sum of $350 per month. Husband had a net income of $1,060 per month and was left with $270 per month for living expenses after making monthly payments for court ordered spousal support, child support, attorney's fees and insurance premiums. In the present case, from a net monthly income of $1,468.70, Benjamin is left with $868.70 for monthly living expenses for 12 months and $1,068.70 per month thereafter.

---

[1] All statutory references are to the Civil Code unless otherwise specified.

In both *Hall* and the present case, the contended monthly living expenses exceeded net income after payment of support. "In making that award the trial court has a wide discretion." (*Id.,* at p. 442.)

Benjamin asserts the holding in *Becker* v. *Becker* (1944) 64 Cal.App.2d 239 [148 P.2d 381], affirming a 40 percent reduction in spousal support, requires a reversal in the present case. Benjamin fails to disclose the existing spousal support order was entered after a default hearing and the record on appeal did not include the circumstances upon which the previous order was entered. In affirming the reduction of the award to $45 per month, the court in *Becker* stated: "While this appeal is from an order modifying an initial award of $75 per month, we do not believe that plaintiff may successfully claim that the trial court abused its discretion in making the modification in the absence of a more complete showing than that found in the record before us." (*Id.,* at p. 242; see also *Leupe* v. *Leupe* (1942) 21 Cal.2d 145 [130 P.2d 697].)

After reference to *In re Marriage of Poppe* (1979) 97 Cal.App.3d 1 [158 Cal.Rptr. 500], where the court denied husband's request for modification or termination of spousal support, Benjamin, undaunted, cites section 4801, subdivision (a)(5), to support his position: "The ability of the supported spouse to engage in gainful employment without interfering with interests of dependent children in the custody of the spouse." He also cites *In re Marriage of Brantner* (1977) 67 Cal.App.3d 416 [136 Cal.Rptr. 635], as support for the proposition that the approaching equality of women and men should be reflected in the law governing marriage dissolution. As valid as Benjamin's position may be, unfortunately, as a homemaker for 24 years and now 61 years of age, employed as a food preparer, with no hope of any retirement income other than social security, the opportunity for Ruth to catch the wave of equality in the employment market has passed. As stated by the court in *Brantner:* "The new Family Law Act, and particularly Civil Code, section 4801, has been heralded as a bill of rights for harried former husbands who have been suffering under prolonged and unreasonable alimony awards. However, the act may not be used as a handy vehicle for the summary disposal of old and used wives." (*Id.,* at p. 419.)

In *Cushing* v. *Cushing* (1970) 3 Cal.App.3d 882 [84 Cal.Rptr. 76], the court affirmed the trial court's termination of spousal support. Benjamin urges the change in circumstances in *Cushing* is similar to that in the present case. Although certain similarities are present, the court in *Cushing* did not hold that as a matter of law a termination of spousal support was required, but indicated, "The order is supported by the evidence of changed circumstances, and we may not argue with the discretionary ruling of the trial court. (*Levie* v. *Levie* 219 Cal.App.2d 500 . . . .)" (*Id.,* at p. 885.)

Finally, Benjamin invokes section 4801, subdivision (a)(7), "[t]he age and health of the parties," and *Edwards* v. *Edwards* (1975) 52 Cal.App.3d 12 [124 Cal.Rptr. 742], in his quest to be relieved of his burden of spousal support. Although at age 66 the advancing years may have ended his employment in the merchant marine, at age 61 and employed in food service Ruth is not far behind. In affirming the trial court's decision to refuse to terminate spousal support, the court in *Edwards* stated: "The fact that Husband has paid spousal support for 18 years would not itself justify termination. . . . [¶] The determination whether the circumstances justify modification of the previous order rests primarily in the discretion of the trial court, whose decision will not be disturbed on appeal if there is substantial evidence to support it." (*Id.*, at p. 15.)

Citing *In re Marriage of Siegel* (1972) 26 Cal.App.3d 88 [102 Cal.Rptr. 613], Ruth contends the trial court properly exercised its discretion in reducing spousal support from $600 to $400 per month after considering all the circumstances of the parties. We agree with Ruth. Although Ruth is employed, she has limited skills and a limited earning capacity due to her age, lack of education and lack of future retirement income. Given the court's wide discretion, modification rather than termination of spousal support was proper.

DISPOSITION

Judgment affirmed.

Staniforth, Acting P. J., and Work, J., concurred.