[No. G006189. Fourth Dist., Div. Three. Oct. 30, 1989.]

In re the Marriage of MARY and BENJAMIN HOPWOOD.
BENJAMIN H. HOPWOOD, Appellant, v.
MARY K. HOPWOOD, Respondent.

COUNSEL

Marjorie G. Fuller and Richard W. Shack for Appellant.

Milan M. Dostal for Respondent.

OPINION

**SONENSHINE, J.**—Benjamin Hopwood appeals a postdissolution order on order to show cause increasing his monthly spousal support obligation from $200 to $750.

I

Benjamin and Mary married in 1953 and separated in 1969. The interlocutory judgment of divorce, filed in December, awarded custody of their three minor children to Mary. Benjamin was ordered to pay a total of $300 monthly child support and $200 spousal support until Mary died, remarried, or until further order of the court.

In 1975, in response to Mary's motion, the parties stipulated to an order for increased child support. No other legal action was taken until 1987 when Mary filed the underlying order to show cause for modification of the 1969 spousal support order. Her pleadings did not request a specified amount and no changed circumstances were alleged. She maintained Benjamin's "income has increased substantially." Benjamin did not disagree: he stipulated he had the ability to pay reasonable support. However, Benjamin sought a termination of his spousal support obligation. He asserted "Wife's income alone . . . met her needs [and] 18 years [had elapsed] since the

divorce [in which] Mary [was able] to obtain education, training, and work experience to make her self sufficient."

The court determined the original order was to continue "until either person dies or she remarries." He found Benjamin's "income has soared since" the original order and that "is a change of circumstances." He found Mary had "worked full time since the date of dissolution . . . at the best job(s) she could get." And concluding the original $200 a month award was "*now* inadequate" and a "significant financial benefit has accrued to the husband because there . . . hasn't been any request for support increases," the court increased support from $200 to $750 a month. Benjamin appeals both the refusal to terminate his support obligation and the increase.

## II

■ A spousal support order will not be set aside on appeal without a clear showing of abuse of discretion. (*Webb* v. *Webb* (1970) 12 Cal.App.3d 259 [90 Cal.Rptr. 565].) ■ However, the "trial court . . . is without authority to modify an order for spousal support unless there has been a material change of circumstances subsequent to the last prior order. [Citations.]" (*In re Marriage of Kuppinger* (1975) 48 Cal.App.3d 628, 633 [120 Cal.Rptr. 654].)

■ We therefore must determine whether a material change of circumstances had occurred warranting the trial court's order. Benjamin stipulated to his increased ability to pay but that alone is insufficient. ■ "[A]lthough changed circumstances can be based on an increased ability to pay, the supported spouse must also show that his or her needs *at the time of separation* were never met. The supported spouse may demonstrate this by showing that the payor did not have the financial resources to meet those needs at the time of separation." (*In re Marriage of Hoffmeister* (1987) 191 Cal.App.3d 351, 364 [236 Cal.Rptr. 543], italics added.)[1]

■ A supported spouse, seeking an increase in spousal support premised on the fact the former spouse is earning more now than at the time of the underlying order, must "establish by credible evidence that [the] . . .

---

[1] "Further, a showing that the supported spouse's postseparation needs have in fact increased due to a change in that spouse's circumstances, *such as a change in the health of the supported spouse* which precludes employment, coupled with an increased ability to pay, will support a modification." (*In re Marriage of Hoffmeister, supra,* at p. 364, italics added.)

This is not the situation here. Mary did not intend to establish she was precluded from working.

standard of living at the time of separation of the parties . . . was higher than that provided by the prior award . . . ." (*Ibid.*)

 Here, the court found "the $200 a month award of eighteen years ago . . . was not inadequate. [But] as time passed, the adequacy of that award would be diminished . . . and a change of circumstances has been proven in that the sufficiency of the order as viewed *today* is inadequate."

As explained in 2 Adams and Sevitch, California Family Law Practice (7th ed. 1989) section N-97.2, "changed circumstances can be found on an increased ability to pay, [but] the supported spouse must also show that his or her needs at the time of the separation were never met. [¶] [¶] . . . *Hoffmeister II* teaches that you can only get an increase on modification if the original needs of the recipient were never met. An unmet need at trial justifies an increase if coupled with the supporting spouse's enhanced ability to pay at the time of modification."

The court abused its discretion in increasing the spousal support order. Mary sought to increase her spousal support based on Benjamin's increased income. He stipulated his income had indeed increased, but Mary still needed to prove her needs at the time of separation were never met. This she failed to do. Indeed, the trial court concluded her needs were *then adequately met.*[2]

## III

 Did the court abuse its discretion in failing to terminate Benjamin's support obligation? " 'The fact that Husband has paid spousal support for 18 years would not itself justify termination. . . .' " (*In re Marriage of Crobarger* (1986) 178 Cal.App.3d 56, 60 [223 Cal.Rptr. 480].)

Benjamin argues Civil Code section 4806 mandates the termination of his obligation.[3] He maintains Mary's income from employment is sufficient for

---

[2] The court noted other factors: the length of time Mary waited to seek a modification; her efforts to be self-supporting; and her present needs. But as explained, these reasons are insufficient to justify an increase when the modification is based on the supporting spouse's increased income.

Also, we note the court concluded the trial judge, when originally establishing support, intended the support obligation to continue until Mary's remarriage or either party's death. This is incorrect because the original order was also modifiable; that is, it was to continue until *further* order *of the court.*

[3] Civil Code section 4806 states, in pertinent part: "When either party in a proceeding under this part has either a separate estate, or is earning his or her own livelihood, or there is community property or quasi-community property sufficient to give him or her proper support, or if the custody of the children has been awarded to the other party, who is supporting them, the court may withhold any allowance to him out of the separate property of the other

her needs. But the trial judge found Mary's present income inadequate. We cannot disagree. Her financial declaration indicates a net disposable income of $1,766 a month (before taxes) and expenses of $1,224. Her grocery bill is only calculated at $150 a month and entertainment at $15. In other words, many of her expenses are minimal at best. Moreover, "[i]t has never been held an abuse of discretion [in a long-term marriage][4] not to terminate jurisdiction over spousal support. [Citation.]" (*In re Marriage of Aufmuth* (1979) 89 Cal.App.3d 446, 459 [152 Cal.Rptr. 668], disapproved on other grounds in *In re Marriage of Lucas* (1980) 27 Cal.3d 808 [166 Cal.Rptr. 853, 614 P.2d 285]; *In re Marriage of Buol* (1985) 39 Cal.3d 751 [218 Cal.Rptr. 31, 705 P.2d 354].) Nor can we say the court abused its discretion in failing to reduce support.

That portion of the judgment increasing spousal support to $750 is reversed and the court is ordered to deny the motion to increase spousal support.

Judgment affirmed in part and reversed in part. Benjamin to receive costs on appeal.[5]

Scoville, P. J., and Wallin, J., concurred.

On November 28, 1989, the opinion was modified to read as printed above.

---

party. In any original or modification proceeding, where there are no children, and either party has or acquires a separate estate, including income from employment, sufficient for his or her proper support, no support order shall be made or continued against the other party."

[4] See *In re Marriage of Hebbring* (1989) 207 Cal.App.3d 1260 [255 Cal.Rptr. 488], where the court held "it is reversible error to retain open-ended jurisdiction over spousal support [after a 26-month marriage]." (*Id.,* at p. 1267.)

[5] We make no finding as to any motion either party may wish to make or may have made pursuant to Civil Code section 4370. The costs for which Benjamin will be compensated are limited solely to those defined in California Rules of Court, rule 26.