Filed 10/30/14  Marriage of Shannon CA5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re the Marriage of DENNIS P. and MARY SHANNON. | |
| DENNIS P. SHANNON,<br>　　　　Respondent,<br><br>　　　　v.<br><br>MARY SHANNON,<br>　　　　Appellant. | F067406<br><br>(Super. Ct. No. S-1501-FL-622161)<br><br>**ORDER MODIFYING OPINION [NO CHANGE IN JUDGMENT]** |

**BY THE COURT:**

It is ordered that the opinion filed herein on October 21, 2014, be modified as follows:

1. On page 1, the first sentence, we correct the misspelled name to henceforth read as follows:

   Stephen D. Schuett, Judge.

There is no change in the judgment.

_____

　　　　　　　　　　　　　HILL, P. J.

WE CONCUR:

_____

GOMES, J.

_____

CORNELL, J.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re the Marriage of DENNIS P. SHANNON and MARY SHANNON. | |
| DENNIS P. SHANNON, | F067406 |
| Respondent, | (Super. Ct. No. S-1501-FL-622161) |
| v. | **OPINION** |
| MARY SHANNON, | |
| Appellant. | |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Stephen D. Shuett, Judge.

Mary Shannon, in pro. per.; Richard Monahan; Law Offices of Donald C. Duchow and Donald C. Duchow for Appellant.

The Law Offices of Edward J. Quirk, Jr., and Edward J. Quirk, Jr., for Respondent.

---

[*]     Before Hill, P. J., Gomes, J. and Cornell, J.

-ooOoo-

Wife appeals from the judgment of dissolution, challenging the order for reimbursement of husband's separate property contribution to the purchase of the family residence and the awards to wife for spousal support and attorney fees and costs. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

The parties were married for 11 years eight months. Both parties retired prior to the dissolution. During the marriage, they purchased a residence which they shared until separation; title to the residence was held in joint tenancy. Husband testified he paid the $160,000 purchase price, using the proceeds from the sale of a separate property residence he owned prior to marriage. Wife contended at trial that placing title in the names of both parties as joint tenants constituted a gift of husband's separate property to the community. The trial court determined the residence was presumed to be community property, but husband was entitled to reimbursement for his separate property contribution to its acquisition. It ordered that the residence be sold, that husband receive the first $160,000 of the net proceeds of sale, and that any remaining proceeds be divided equally between the parties.

The trial court set spousal support to be paid by husband to wife at $400 per month. This was less than the $800 per month temporary support wife had been receiving prior to judgment. The trial court also awarded wife $1,500 in attorney fees and costs.

Wife challenges the trial court's judgment, contending there was no substantial evidence to support tracing the source of the funds used to purchase the residence to husband's separate property, the trial court abused its discretion by reducing the spousal

2

support award without a change in circumstances, and the trial court abused its discretion by failing to state its reasons for the amount of the award of attorney fees and costs.

## *DISCUSSION*

### I. Family Residence

Wife contends there was insufficient evidence that the funds used to purchase the family residence were husband's separate property. She asserts funds paid from a commingled account are presumed to be community funds, rebutting that presumption requires tracing of the funds to a separate property source, and the evidence tracing the funds to a separate property source was insufficient. Husband contends this issue was not raised in the trial court and cannot be raised for the first time on appeal.

"'A party is not permitted to change his position and adopt a new and different theory on appeal. To permit him to do so would not only be unfair to the trial court, but manifestly unjust to the opposing litigant.' [Citations.]" (*In re Marriage of Broderick* (1989) 209 Cal.App.3d 489, 501 (*Broderick*).) There is an exception "when the issue involves purely a legal question which rests on an uncontroverted record which could not have been altered by the presentation of additional evidence." (*Ibid.*)

In the trial court, wife argued the residence was community property "although purchased in all or in part from [husband's] separate funds." She argued the separate funds used to purchase the property were a gift to the community. She contended the joint tenancy form of ownership gave rise to a presumption that the residence was community property, and the presumption could only be rebutted by a clear statement in the deed that the property was separate property or proof that the parties had a written agreement that the property was separate property. (Fam. Code, § 2581.)[1]

In the trial court, husband contended that, even if the residence was presumed to be community property, he was entitled to reimbursement for his separate property

---

[1] All further statutory references are to the Family Code unless otherwise indicated.

3

contribution to the purchase of the residence pursuant to section 2640. Section 2640 provides that, unless a party has waived the right to reimbursement in writing, "the party shall be reimbursed for the party's contributions to the acquisition of property of the community property estate to the extent the party traces the contributions to a separate property source." (§ 2640, subd. (b).) Husband testified he paid the entire purchase price for the residence out of funds he obtained from the sale of a house he owned prior to marriage. Wife presented no evidence contradicting husband's testimony; she presented no evidence and no argument that the residence was paid for with commingled funds.

Thus, wife's theory that husband was not entitled to reimbursement for his contribution to acquisition of the family residence because he failed to trace the funds used to purchase the residence back to a separate property source is a new theory, not raised in the trial court. It does not fall within the exception that permits consideration of some issues for the first time on appeal. It is not a pure issue of law resting "on an uncontroverted record which could not have been altered by the presentation of additional evidence" (*Broderick, supra*, 209 Cal.App.3d at p. 501); if the issue had been raised in the trial court, husband would have had an opportunity to present further evidence to support his claim the residence was paid for entirely with his separate funds.

In any event, substantial evidence supports the trial court's determination that the $160,000 purchase price for the residence was paid out of husband's separate property funds. Wife testified the purchase price of the home was $160,000. Husband testified he paid $160,000 to purchase the residence out of the proceeds of the sale of his separate property house. He stated he was careful to keep his money in his own name; wife conceded the parties kept their money separate, in separate accounts, during marriage. Wife also admitted she did not have an account with husband with $160,000 in it. Thus, there was no evidence of commingling of husband's separate funds with community funds requiring elaborate tracing to determine the source.

4

"Whether the spouse claiming a separate property interest has adequately met his or her burden of tracing to a separate property source is a question of fact and the trial court's holding on the matter must be upheld if supported by substantial evidence." (*In re Marriage of Cochran* (2001) 87 Cal.App.4th 1050, 1057-1058.)  Substantial evidence supports the trial court's finding that husband contributed $160,000 of his separate property to the purchase of the residence and was entitled to reimbursement of that amount.

## II.    Spousal Support

The trial court awarded wife $400 per month spousal support.  Wife contends the trial court improperly reduced her support from that awarded prior to judgment without any change in circumstances and failed to provide an adequate reason for doing so.

A change in circumstances is not necessary in order to include in the judgment of dissolution an award of spousal support that is different from the amount awarded pendente lite.  (*In re Marriage of McNaughton* (1983) 145 Cal.App.3d 845, 849.)  "There are fundamental differences in the functions and purposes of pendente lite support and permanent support orders.  The court, in making each award, is governed by different authority." (*Ibid*.)  The purpose of a temporary support order "is to maintain the living conditions and standards of the parties as closely as possible to the status quo, pending trial and the division of the assets and obligations of the parties." (*Ibid*.)  In contrast, "[t]he purpose of permanent spousal support is to '... provide financial assistance, if appropriate, as determined by the financial circumstances of the parties after their dissolution and the division of their community property.' [Citation.]  The determination of permanent spousal support at trial must be de novo.  Only at trial is all the evidence presented.  The permanent order is to be based upon circumstances existing at trial, and a change of circumstances from the time of the pendente lite order is irrelevant to a determination of the amount of support which is 'just and reasonable' at that time."

5

(*Ibid.*) Consequently, the trial court did not err in awarding a different amount of spousal support in the judgment than it awarded as temporary support.[2]

Wife complains that, although the trial court in its judgment discussed the relevant factors to be considered is setting the amount of spousal support, "the record on appeal is devoid of any information that will support the court's sudden modification of the original spousal support order." She concludes awarding a different amount of spousal support in the judgment was an abuse of discretion.

Again, the factors to be considered in setting temporary spousal support and awarding spousal support in the judgment are different.[3] The fact that the trial court reached a different result in determining temporary support than it did in determining support to be awarded in the judgment, in itself, does not indicate any abuse of discretion in setting the latter amount. Both parties are retired. The trial court took into account the amount of husband's retirement income and wife's Social Security income. It noted the purposes of permanent spousal support, and discussed the relevant factors under section 4320. The trial court recognized that husband's income from his retirement will be reduced postjudgment because of the division of his retirement benefits between the parties. Wife will receive her share of those benefits. After discussing all the relevant factors, the trial court balanced them and determined the amount of spousal support to be awarded.

"In setting the amount of spousal support, a wide discretion is vested in the trial court [citation], 'and thus an appellate court must act with cautious judicial restraint, even

---

[2] The cases on which wife relies to support her contention the trial court could not change the amount of spousal support awarded in the absence of changed circumstances are distinguishable. They all involved postjudgment requests to modify the spousal support awarded in the judgment. (See *Edwards v. Edwards* (1975) 52 Cal.App.3d 12; *In re Marriage of Kuppinger* (1975) 48 Cal.App.3d 628; *Hester v. Hester* (1969) 2 Cal.App.3d 1091.)

[3] Temporary support is governed by section 3600. Support awarded in the judgment of dissolution is governed by section 4320.

6

though the particular award might appear on appeal to be modest or generous under the particular circumstances.' [Citation.] A trial court has abused its discretion when, after calm and careful review of the entire record, it can fairly be said that no judge would reasonably make the same order under the same circumstances." (*In re Marriage of Roesch* (1978) 83 Cal.App.3d 96, 102.) After considering the entire record, we cannot say no reasonable judge would make the same order under the same circumstances. We find no abuse of discretion in the award of spousal support.

## III. Attorney Fees

"'It is well settled that the award of attorney fees and costs in family law matters is within the broad discretion of the trial court and that court's decision in a particular case will not be disturbed on appeal absent a clear showing of abuse of discretion.' [Citation.]" (*In re Marriage of Ananeh-Firempong* (1990) 219 Cal.App.3d 272, 279-280.) Wife contends the trial court did not adequately explain why it awarded wife only $1,500 in attorney fees. Evidence in wife's September 5, 2012, request for spousal support and attorney fees, as well as the accompanying income and expense declaration, indicated she had paid her attorney $1,600 in attorney fees at that time. The record contains no other evidence of the amount of attorney fees wife incurred. Wife has not met her burden of establishing an abuse of discretion.

## *DISPOSITION*

The judgment is affirmed. Husband is entitled to his costs on appeal.